■ Nance Kopel, Appellant, v Lawrence Chiulli, Respondent, et al., Defendant.—In an action, *inter alia,* for partition of real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered July 7, 1989, which denied her motion to amend her summons, complaint, and notice of pendency.

Ordered that the order is affirmed, with costs.

In 1984 and 1985, the plaintiff and the respondent Lawrence Chiulli, who were engaged to be married, purchased a total of three parcels of property as joint tenants. In October of 1987, the plaintiff commenced the instant action seeking a partition of the property. The respondent alleged that in February 1986 the plaintiff executed a deed transferring her interest in the three parcels to him. In April of 1989, on the eve of trial, and almost two years after the commencement of the action, the plaintiff moved for leave to serve an amended summons and amended complaint against the attorneys for the respondent. The plaintiff alleged that the respondent's attorney, William Cohen, had informed her that the 1986 deed was of no legal effect and would be destroyed but in fact recorded the deed. The plaintiff also alleged a conspiracy between the respondent, Mr. Cohen, and two other attorneys, Michael Goldberg and Benjamin Platt. Mr. Goldberg had merely notarized the deed while Mr. Platt, whose name appears as a member of the firm with which Cohen was associated, had not practiced law in New York for 20 years, having lived in Florida during that period. The plaintiff's allegations were made "on information and belief."

The court properly exercised its discretion in denying the plaintiff's motion for leave to serve an amended summons and amended complaint. As this court has noted, "on the eve of the trial, judicial discretion in allowing such an amendment should be discreet, circumspect, prudent and cautious" (Alexander v Seligman, 131 AD2d 528). The court properly found that the plaintiff's proposed amendments would have prejudiced the respondent since they were based on the new theory of a conspiracy between the respondent, his attorneys, and other attorneys to defraud her of her interest in property. To grant the motion may have required the respondent, at this late stage, to hire new counsel since his present attorneys would have become witnesses in the amended action. Moreover, the purported cause of action against Mr. Goldberg lacked any factual or legal basis. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.