■ PETER CHIAPPERINI, Appellant, v GROSSINGER'S HOTEL, Respondent. (And Another Related Action.)—Yesawich Jr., J. Appeal from an order of the Supreme Court (Williams, J.), entered June 8, 1990 in Sullivan County, which denied plaintiff's motion for leave to serve a supplemental bill of particulars.

Plaintiff seeks money damages for personal injuries allegedly sustained on November 5, 1985 while staying at defendant's hotel. On June 10, 1986, plaintiff commenced a separate action after allegedly suffering a back injury at the Red Barn Restaurant. In October 1988, plaintiff obtained an order joining both actions for trial.

In the interim, plaintiff served upon defendant three bills of particulars; the last, an amended bill, was served September 18, 1986. Among other injuries, these bills recited that plaintiff had suffered a lumbar spine sprain, related muscle spasms and resulting loss of function in the use of his back, all assertedly permanent conditions. Although a magnetic resonance imaging test (hereinafter MRI) performed in August 1986 revealed that plaintiff had a herniated disc at level L4-5, no reference was made in the amended bill to this condition; defendant was, however, furnished a copy of this medical report. Plaintiff served a note of issue and certificate of readiness for trial on defendant on or about October 15, 1986. The following month plaintiff's physician recommended plaintiff submit to a myelogram. It is not clear from the record what occurred thereafter until May 24, 1989, when another MRI verified that plaintiff had a central herniated disc with three fragments at L4-5. A laminectomy was performed on September 1, 1989 and a report regarding this surgery was made available to defendant. On January 11, 1990, when plaintiff attempted to serve a further supplemental bill of particulars which included information regarding the herniated disc and surgery, defendant rejected it. Plaintiff thereupon applied to Supreme Court for leave to serve this further supplemental bill of particulars. Following a court conference, the court struck the note of issue without prejudice to any

party, denied plaintiff's motion and precluded plaintiff from offering any evidence at trial that plaintiff suffered a herniated disc as a result of defendant's actions or omissions. Plaintiff appeals. We reverse.

Although court leave is indeed required before plaintiff can file his proposed further supplemental bill of particulars *(see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3042:7, at 532), defendant has not demonstrated that it will suffer significant prejudice if leave is granted. The fact that allowing the further supplemental bill may expose defendant to greater liability does not constitute prejudice *(see, Cardy v Frey,* 86 AD2d 968, 970). In addition, defendant has not shown that it will be "hindered in the preparation of [its] case or [be] prevented from taking some measure in support of [its] position" if leave is granted *(Loomis v Civetta Corinno Constr. Corp.,* 54 NY2d 18, 23; *see, Wyman v Morone,* 33 AD2d 168, 172 [Cooke, J., dissenting]). Indeed, defendant cannot make such a showing, for it had actual notice of the herniated disc injury within a reasonably short time after it was diagnosed *(see, Rutz v Kellum,* 144 AD2d 1017, 1018) and it has been provided with medical reports verifying this diagnosis and the surgery that plaintiff was subsequently obliged to undergo *(see, Simino v St. Mary's Hosp.,* 107 AD2d 800, 801). Furthermore, as Supreme Court has struck the note of issue, defendant, as plaintiff readily acknowledges, has the opportunity to conduct additional discovery if it so chooses. Finally, even if defendant's medical expert has, as defendant urges, conflicting interests thus compromising his usefulness to defendant, this is due not to plaintiff filing a further supplemental bill of particulars, but to the fact that Red Barn also chose him as its medical expert. Prejudice not being shown, plaintiff's motion should have been granted.

Parenthetically, we note that because Red Barn, the joined defendant, has not served a notice of appeal, it cannot contest the order denying plaintiff's motion.

Casey, J. P., Mikoll, Levine and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted and plaintiff granted leave to serve a supplemental bill of particulars.