■ JOSEPH VOLPE, Appellant, v GOOD SAMARITAN HOSPITAL et al., Respondents. [623 NYS2d 330] —In an action to recover damages for medical malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered December 14, 1990, which, upon granting the defendants' motion pursuant to CPLR 4401 made during trial for judgment as a matter of law, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the defendants appearing separately and filing separate briefs.

In late 1972, the plaintiff was admitted to the defendant hospital and was treated for a fractured femur by the defendant doctors. In 1980, the plaintiff commenced the present action against the defendants to recover damages for negligent treatment and medical malpractice based, *inter alia,* on lack of informed consent. The plaintiff served the defendants with a bill of particulars in late 1980 and a supplemental bill of particulars in 1989. The trial commenced in 1990.

After the trial commenced, the plaintiff moved to amend the bill of particulars in response to a motion by the defendants to preclude evidence regarding a theory of malpractice not contained within the complaint or the bill of particulars and based, in part, on facts not alleged in the bill of particulars. The trial court granted the defendants' motion to preclude and denied the plaintiff's motion to amend the bill of particulars on the ground that the defendants would suffer substantial prejudice as a result of the amendment. On appeal, the plaintiff contends that the trial court erred in denying his motion to amend the bill of particulars. We disagree.

It is well settled that leave to amend pleadings shall be given freely unless the party opposing the motion can demonstrate prejudice or surprise from a delay *(see, Evans v Kringstein,* 193 AD2d 714; *Moon v Long Beach Mem. Hosp.,* 173 AD2d 527). When an amendment to a pleading or a bill of particulars is sought at or on the eve of trial, judicial discretion in allowing such an amendment should be " 'discreet, circumspect, prudent and cautious' " *(Perricone v City of New York,* 96 AD2d 531, 533, *affd* 62 NY2d 661, quoting *Symphonic Elec. Corp. v Audio Devices,* 24 AD2d 746; *see also, Davidian v County of Nassau,* 175 AD2d 908, 909; *Eggeling v County of Nassau,* 97 AD2d 395). Moreover, when a plaintiff has been guilty of an extended delay in moving to amend, an affidavit of reasonable excuse for the delay in making the motion and

an affidavit of merit should be submitted in support of the motion (see, Perricone v City of New York, supra).

In the present case, the plaintiff first moved to amend his bill of particulars after the commencement of trial and approximately 10 years after the commencement of the action. However, the plaintiff offered no reasonable excuse for this extended delay and the record contains no affidavit from the plaintiff with respect to the merits of the motion. Moreover, under the circumstances of this case, the inordinate delay would constitute a substantial prejudice to the defendants. Since the plaintiff's injury occurred approximately eighteen years prior to the application for leave to amend, the defendants' discovery would be hindered with respect to the new allegations (see, Eggeling v County of Nassau, supra). Accordingly, the trial court did not improvidently exercise its discretion in denying the plaintiff's motion for leave to amend his bill of particulars.

The plaintiff's claim on appeal that the trial court erred in dismissing the second cause of action, which alleged lack of informed consent, is belatedly raised for the first time in his reply brief. In any event, the claim is unpreserved for appellate review since the plaintiff did not raise this argument at trial (see, Nelson v Times Sq. Stores Corp., 110 AD2d 691; Mastronardi v Mitchell, 109 AD2d 825, 828). Balletta, J. P., Thompson, Joy and Florio, JJ., concur.