HAROLD REAPE, Respondent, v CITY OF NEW YORK, Appellant. [645 NYS2d 499]

Based on its own medical records and the plaintiff's examination before trial, the defendant knew that the plaintiff claimed that he suffered certain side-effects from medications which were prescribed pursuant to an erroneous diagnosis of tuberculosis. As a result, the Supreme Court providently exercised its discretion in allowing testimony at trial about those side-effects, even though the plaintiff omitted this claim

from his bill of particulars (*see, Van Derzee v Knight-Ridder Broadcasting,* 185 AD2d 1011; *Holbrook v Jamesway Corp.,* 141 AD2d 905, 907; *compare, Porter v Shapiro,* 124 AD2d 794).

While the Supreme Court erred in preventing the defendant from cross-examining the plaintiff about his failure to mention the side-effects from medications in the bill of particulars, the error is harmless because, on this record, the potential for further impeachment of the plaintiff was not sufficiently significant to have brought about a different verdict (*see, Esner v Janisziewski,* 180 AD2d 991; *Hayes v Henault,* 131 AD2d 930).

During cross-examination of the plaintiff, the defendant read only a portion of the plaintiff's examination before trial in an effort to prove that the plaintiff never complained about specific side-effects from the medications. Because the defendant cross-examined the plaintiff on only a portion of his examination before trial concerning this issue, the Supreme Court properly permitted the plaintiff's attorney to read, during redirect examination, other portions of the plaintiff's examination before trial which demonstrated that he made very specific complaints about the side-effects of the medications (*see,* CPLR 3117 [b]).

Contrary to the defendant's claims, the plaintiff's testimony was credible and the verdict was supported by the weight of the credible evidence (*see,* CPLR 4404 [a]; *Micallef v Miehle Co.,* 39 NY2d 376, 380-381; *Nicastro v Park,* 113 AD2d 129, 131-132).

However, the damages award of $1,000,000 is excessive to the extent indicated herein, in light of the plaintiff's age, the absence of any permanent injuries, lost wages or lost employment opportunities, and in light of the fact that the adverse side-effects disappeared even while he was being treated (*compare, Ogle v State of New York,* 191 AD2d 878, 879; *Byrd v New York City Tr. Auth.,* 172 AD2d 579; *Maxwell v City of New York,* 156 AD2d 28; *Gnoj v City of New York,* 29 AD2d 404, 405).

The defendant's remaining contentions are not preserved for appellate review or without merit. Miller, J. P., Pizzuto, Santucci and Hart, JJ., concur.