■ BERNARD C. SCHWAB et al., Appellants, v HEATH RUSSELL et al., Respondents. [647 NYS2d 64] —Carpinello, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered June 14, 1995 in Saratoga County, which, *inter alia*, denied plaintiffs' motion for leave to amend the complaint.

Defendants contracted with plaintiffs to construct a log house on plaintiffs' property in the Town of Greenfield, Saratoga County. After the house was constructed, plaintiffs commenced this action sounding in breach of contract and related causes of action based on allegations that the house had been improperly constructed and that it did not conform with the requirements of the State Building Code. After discovery had been completed, the note of issue was filed in March 1993.

Plaintiffs initially retained the services of a professional engineer who examined the house and was prepared to testify as an expert at trial. Nonetheless, after the note of issue had been filed, plaintiffs retained a second professional engineer who inspected the house and prepared a report in which he concluded that the house had not only been poorly constructed, but that it was in danger of collapsing and would have to be replaced at a probable cost of $325,000. Based upon this opinion, plaintiffs made a motion for leave to increase the ad damnum clause in their complaint from $300,000 to $600,000.

Defendants opposed the motion and cross-moved for an order precluding plaintiffs from offering any evidence at trial that was not contained in their original bill of particulars, dated January 20, 1992. Supreme Court denied plaintiffs' motion and granted defendants' cross motion. Plaintiffs appeal.

The determination of whether to permit the amendment of pleadings and bill of particulars is left to the sound discretion of the trial court (*see, Volpe v Good Samaritan Hosp.*, 213 AD2d 398, 399; *Thompson v Connor*, 178 AD2d 752, 753, *lv dismissed* 80 NY2d 826). When such motions are made on the eve of trial, as was the motion at issue here, the court must be especially cautious in the exercise of its discretion, granting the motion only where the movant has submitted a reasonable excuse for the delay (*see, Volpe v Good Samaritan Hosp., supra*, at 399).

Plaintiffs have failed to submit a reasonable excuse for making their motion to amend the complaint after the note of issue was filed. It is unclear why a second expert's opinion regarding the house could not have been obtained sooner, inasmuch as the structure has remained essentially unchanged since this action was commenced. Given the lack of a reasonable excuse, together with the "11th hour" nature of the motion to amend and the inevitable prejudice to the defense if the motion were granted, we decline to interfere with Supreme Court's decision to deny plaintiff's motion to amend as well as its ruling to exclude from evidence any information not contained in the original bill of particulars (*see, Volpe v Good Samaritan Hosp., supra*; *Brewster v Baltimore & Ohio R. R. Co.*, 185 AD2d 653).

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.