■ JOHN McGOWAN et al., Respondents, v KORNOS TAXI, INC., et al., Appellants. [674 NYS2d 708] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Queens County (Dye, J.), entered May 14, 1997, which, upon a jury verdict, and upon the granting of the defendants' motion to reduce the amount awarded by the jury for lost earnings from $82,500 to $30,000, is in favor of the plaintiffs and against them in the principal sum of $327,000 ($197,000 for past pain and suffering, $100,000 for future pain and suffering, and $30,000 for lost earnings).

Ordered that the judgment is reversed, on the law, and the defendants are granted a new trial as to liability only, with costs to abide the event; and it is further,

Ordered that the findings of fact as to damages are affirmed.

The plaintiffs, as part of their direct case, read into evidence a portion of the deposition testimony of the defendant Mohammed M. Rahman. In the portion of his testimony read to the jury, Rahman admitted that the left front fender of the car he was driving came in contact with the right rear wheel of a horse carriage operated by the injured plaintiff, John McGowan, and that he saw the horse carriage right before the accident.

Thereafter, the defendants attempted to read a portion of Rahman's deposition testimony to the jury, wherein Rahman claimed that the injured plaintiff, in an attempt to make an illegal right turn from the extreme left lane, hit the left front fender of Rahman's car. The court, citing CPLR 3117 (a) (3) (ii) and (iv), denied the application, and directed a verdict in favor of the plaintiffs. However, the deposition testimony was admissible pursuant to CPLR 3117 (b), which provides: "If only part of a deposition is read at the trial by a party, any other party may read any other part of the deposition which ought in fairness to be considered in connection with the part read" (see, Reape v City of New York, 228 AD2d 659).

Moreover, the defendants had the right pursuant to CPLR

3117 (d) to "rebut any relevant evidence contained" in the portions of the deposition read to the jury.

Since Rahman's deposition testimony was crucial to the defendants' case, the verdict as to liability must be set aside, and a new trial granted to the defendants with respect to liability. However, under the circumstances of this case, the jury's award of damages did not deviate from reasonable compensation (*see,* CPLR 5501 [c]; *Mojica v City of New York,* 199 AD2d 250). Accordingly, the findings of fact as to damages are affirmed. Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.