■ HAROLD REAPE, Respondent, v CITY OF NEW YORK, Appellant. [708 NYS2d 131] —In an action to recover damages for personal injuries arising from medical malpractice, the defendant appeals from a judgment of the Supreme Court, Kings County (S. Leone, J.), entered February 16, 1999, which, upon a jury verdict after a retrial on the issue of damages only, and an order of the same court (Clemente, J.), dated December 18, 1997, granting the plaintiff's motion to supplement the bill of particulars with new claims of permanent injuries and lost earnings, is in favor of the plaintiff and against it in the principal sum of $200,000.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, the order dated December 18, 1997, is vacated, the motion is denied, and a new trial is granted on the issue of damages only.

By decision and order dated June 24, 1996, this Court reversed a judgment of the Supreme Court, Kings County (Clemente, J.), entered February 17, 1995, which, upon a jury verdict, was in favor of the plaintiff and against the defendant in the principal sum of $1,000,000, and granted a new trial on the issue of damages unless the plaintiff consented to decrease the verdict on damages to the sum of $60,000 (*see, Reape v City of New York,* 228 AD2d 659). The plaintiff did not so stipulate. By order of the Supreme Court, Kings County, dated December 16, 1997, the plaintiff's motion to supplement or amend his bill of particulars was granted. After a retrial on the issues of damages, the plaintiff was awarded $200,000 in damages.

While leave to supplement or amend a bill of particulars is ordinarily to be freely given in the absence of prejudice or surprise, when leave is sought on the eve of trial, judicial discretion should be exercised in a " 'discreet, circumspect, prudent and cautious' " manner (*Perricone v City of New York,* 96 AD2d 531, 533, *affd* 62 NY2d 661, quoting *Symphonic Elec. Corp. v Audio Devices,* 24 AD2d 746; *see, Volpe v Good Samaritan Hosp.,* 213 AD2d 398). Moreover, where there has been an inordinate delay in seeking leave to amend, the plaintiff must establish a reasonable excuse for the delay and submit an affidavit to establish the merits of the proposed amendment (*see, Volpe v Good Samaritan Hosp., supra*).

Here, in connection with the retrial on the issue of damages only, the plaintiff first moved to supplement his bill of particulars three years after the original trial and approximately twelve years after the commencement of the action. The plaintiff offered no reasonable excuse for this extended delay. Moreover, since the plaintiff sought to supplement his bill of particulars with new claims of permanent injuries and lost earnings, the inordinate delay constituted substantial prejudice to the defendant. Accordingly, the trial court improvidently exercised its discretion in granting the plaintiff's motion for leave to supplement his bill of particulars.

The parties' remaining contentions are unpreserved for appellate review or without merit. Ritter, J. P., Sullivan, Altman and Feuerstein, JJ., concur.