■ Shirley Dorsey et al., Appellants, v City of Poughkeepsie et al., Respondents, et al., Defendants. [712 NYS2d 604] —In

an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Hillery, J.), dated March 30, 1999, which, *inter alia*, granted the motion of the defendants City of Poughkeepsie and City of Poughkeepsie Police Department for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiffs allegedly sustained injuries when a vehicle operated by a criminal suspect being pursued by a City of Poughkeepsie police officer collided with their car. The plaintiffs contend that a question of fact exists as to whether the police acted negligently and/or recklessly by engaging in the chase, and failing to discontinue the pursuit when the suspect's vehicle entered a residential area.

When a police officer is in pursuit of a suspected lawbreaker, the officer's conduct may not form the basis of civil liability to a third person unless the officer acts in reckless disregard for the safety of others (*see,* Vehicle and Traffic Law § 1104; *Saarinen v Kerr,* 84 NY2d 494; *Williams v City of New York,* 240 AD2d 734). This standard of recklessness has been interpreted to mean that the officer must have " 'intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*Saarinen v Kerr, supra,* at 501; *see, Mulligan v City of New York,* 245 AD2d 277).

There is no evidence that the police officer acted in a reckless manner. Although the plaintiffs contend that the officer may have been speeding during some part of the pursuit, under the circumstances of this case "that conduct certainly cannot alone constitute a predicate for liability" (*Saarinen v Kerr, supra,* at 503; *see, Powell v City of Mount Vernon,* 228 AD2d 572). Furthermore, there is no merit to the plaintiffs' contention that the municipal defendants are liable because a police lieutenant negligently failed to call off the pursuit. The municipal defendants are immune from tort liability based upon a discretionary decision made by a supervisory officer (*see, Tango v Tulevech,* 61 NY2d 34). In any event, there is no evidence in the record to suggest that the lieutenant was negligent in not calling off the pursuit. Accordingly, the Supreme Court properly granted the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them. Bracken, J. P., O'Brien, Krausman and Goldstein, JJ., concur.