■ KAREN JABLONSKI, Individually and as Administrator of the Estate of ROBERT S. JABLONSKI, Deceased, Appellant, v COUNTY OF ERIE et al., Respondents. [730 NYS2d 626] —Order unanimously affirmed without costs. Memorandum: This medical malpractice action, which arose from surgery performed on plaintiff's decedent on January 30, 1992, was commenced in 1993. Plaintiff's decedent died in February 1998. Ten months after decedent's death, the note of issue and statement of readiness were filed. Plaintiff, as administrator of decedent's estate, was substituted for decedent in the action in February 1999. Jury selection was scheduled to commence on June 5, 2000, but was adjourned over defendants' objections to allow plaintiff to bring this motion to amend the amended complaint to add a wrongful death cause of action.

Supreme Court did not abuse its discretion in denying plaintiff's motion. Although leave to amend a pleading generally should be freely granted (see, CPLR 3025 [b]), "that policy does not obtain on the eve of trial. In such case, there is a heavy burden on plaintiff to show extraordinary circumstances to justify amendment by submitting affidavits which set forth the recent change of circumstances justifying the amendment and otherwise giving an adequate explanation for the delay" (*Hemmerick v City of Rochester,* 63 AD2d 816). Judicial discretion to grant an amendment of a pleading "should be exercised with caution where a case has been certified as ready for trial" (*Dougherty v Wade Lupe Constr. Co.,* 98 AD2d 868, 869; *see also, Kopel v Chiulli,* 175 AD2d 102, 103; *Alexander v Seligman,* 131 AD2d 528). Where there has been an extended delay in moving to amend, the party seeking leave to amend must establish a reasonable excuse for the delay (*see, Reape v City of New York,* 272 AD2d 533; *Schwab v Russell,* 231 AD2d 820, 821; *Volpe v Good Samaritan Hosp.,* 213 AD2d 398, 398-399). Here, plaintiff failed to establish a reasonable excuse for the more than two-year delay in making the motion, indicating only that the failure was the result of an "inadvertent oversight." Thus, the motion was properly denied. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Amend Pleading.) Present—Pigott, Jr., P. J., Hayes, Wisner, Kehoe and Burns, JJ.