■ MANUFACTURERS & TRADERS TRUST Co., Named in the Relevant Escrow Agreement as MANUFACTURER'S & TRADERS BANK, Respondent, v RELIANCE INSURANCE COMPANY et al., Respondents, and FRU-CON/FLUOR DANIEL JOINT VENTURE, Appellant. [757 NYS2d 404] —Appeal from that part of an order of Supreme Court, Onondaga County (Paris, J.), entered March 7, 2002, that denied the cross motion of defendant Fru-Con/ Fluor Daniel Joint Venture for summary judgment seeking the return of escrow funds to it.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs and the cross motion of defendant Fru-Con/Fluor Daniel Joint Venture is granted.

Memorandum: Defendant Fru-Con/Fluor Daniel Joint Venture (Joint Venture) appeals from that part of an order that denied its cross motion for summary judgment seeking the return of escrow funds to it. Plaintiff entered into an escrow agreement with Joint Venture and defendant O'Brien & Gere Technical Services, Inc. (OBG) to provide for disbursement of funds related to the construction of a Proctor & Gamble facility in Missouri. After determining that a conflict existed among Joint Venture, OBG and several subcontractors of OBG with respect to the ownership of the escrow funds, plaintiff commenced this interpleader action pursuant to paragraph 16 of the escrow agreement, seeking to be relieved of its obligations with respect to the escrow funds and seeking resolution of the

parties' dispute over the funds. After joinder of issue, Supreme Court allowed plaintiff to deposit the disputed funds with the court and relieved plaintiff of any further obligations, and various motions and cross motions ensued.

The court erred in denying Joint Venture's cross motion for summary judgment. Joint Venture met its initial burden by establishing its entitlement to judgment as a matter of law, and OBG failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Joint Venture submitted proof establishing as a matter of law that OBG neither fully performed conditions precedent to payment of the funds in the escrow agreement (*see Takayama v Schaefer*, 240 AD2d 21, 25 [1998]) nor strictly complied with the terms of the escrow agreement to entitle it to the payment of such funds (*see Farago v Burke*, 262 NY 229, 233 [1933]), i.e., OBG did not substantially complete construction of any of the buildings, obtain a written certification of substantial completion, enter into settlement agreements with its subcontractors or receive written approval from its surety. Furthermore, under the clear and unambiguous terms of the escrow agreement, Joint Venture became entitled to any funds remaining in the escrow account on the date of expiration of the agreement (*see generally Tigue v Commercial Life Ins. Co.*, 219 AD2d 820, 821 [1995]).

We therefore reverse the order insofar as appealed from and grant the cross motion of Joint Venture, directing that the escrow funds be returned to it. Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.