■ FRANCES BLAKE, Individually and as Executrix of ROBERT BLAKE, Deceased, Respondent, v FRED WIECZOREK et al., Appellants. [758 NYS2d 447] —Appeal from an order of Supreme Court, Niagara County (Fricano, J.), entered February 15, 2002, which, inter alia, granted plaintiff's motion to amend the complaint and to supplement and/or amend the bills of particulars.

It is hereby ordered that said appeal from the order insofar as it concerns striking the note of issue be and the same hereby is unanimously dismissed and the order is modified on the law by denying that part of plaintiff's motion seeking to amend the complaint to add a cause of action for wrongful death and to include additional injuries contributing to decedent's death and as modified the order is affirmed without costs.

Memorandum: On February 8, 1999, a vehicle driven by plaintiff and in which her husband (decedent) was a passenger was struck by a vehicle driven by defendant Fred Wieczorek and owned by defendant Kathleen Willard. Decedent died on March 11, 1999, and plaintiff filed the summons and complaint in this action on May 26, 1999. Plaintiff served verified bills of particulars on her own behalf and on behalf of decedent's estate dated September 28, 1999. The bills of particulars on behalf of decedent's estate alleged that decedent sustained injuries to his neck and back. On January 31, 2001, plaintiff filed a note of issue and statement of readiness. By notice of motion dated November 30, 2001, plaintiff moved to amend the complaint and to supplement and/or amend the bills of particulars.

Individually, plaintiff sought to include additional injuries to her cervical and lumbar spine. On behalf of decedent's estate, plaintiff sought to add a cause of action for wrongful death as well as to include additional injuries contributing to decedent's death, including decreased blood flow to decedent's leg, causing gangrene and requiring amputation of the leg, followed by pneumonia and systemic infection. Defendants opposed the motion, contending that plaintiff had the information supporting the proposed cause of action and additional injuries at the time the action was commenced and thus failed to establish a reasonable excuse for the delay in moving to amend the pleadings. We conclude that Supreme Court did not abuse its discretion in granting the motion with respect to plaintiff, but erred in granting the motion with respect to decedent.

"Judicial discretion to grant an amendment of a pleading 'should be exercised with caution where a case has been certified as ready for trial'" (*Jablonski v County of Erie*, 286 AD2d 927, 928 [2001]; *see Perricone v City of New York*, 96 AD2d 531, 533 [1983], *affd* 62 NY2d 661 [1984]). "Where there has been an extended delay in moving to amend, the party seeking leave to amend must establish a reasonable excuse for the delay" (*Jablonski*, 286 AD2d at 928; *see Perricone*, 96 AD2d at 533; *Reape v City of New York*, 272 AD2d 533 [2000]). We reject defendants' contention that the motion should have been denied with respect to the additional injuries to plaintiff's cervical and lumbar spine because plaintiff failed to provide a reasonable excuse for the delay. Even assuming, arguendo, that the delay in this case was "extended," we nevertheless conclude that plaintiff established a reasonable excuse for the delay. Plaintiff did not learn of the injuries to her cervical and lumbar spine until an MRI was performed in June 2001 and an orthopedist to whom she was referred informed her in October 2001 of the need for surgery. In opposition to the motion, defendants failed to demonstrate that they would suffer significant prejudice if the court granted the motion for leave to amend the pleadings with respect to those additional injuries to plaintiff (*see Chiapperini v Grossinger's Hotel*, 176 AD2d 1048, 1049 [1991]; *Glionna v Kubota, Ltd.*, 154 AD2d 920 [1989]).

We agree with defendants, however, that EPTL 11-3.3 (b) (2) and CPLR 203 (f) are inapplicable under the facts of this case and thus that the court erred in granting that part of plaintiff's motion seeking to amend the complaint to add a cause of action for wrongful death and to include additional injuries contributing to decedent's death. EPTL 11-3.3 (b) (2) permits a

plaintiff to enlarge a complaint to allege a cause of action for wrongful death when the decedent dies during the pendency of the personal injury action. Here, however, decedent died before the personal injury action was commenced (*cf. Caffaro v Trayna,* 35 NY2d 245, 247 [1974]). Pursuant to CPLR 203 (f), "[a] claim asserted in an amended pleading is deemed to have been interposed at the time the claims in the original pleading were interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading." When the personal injury action has been commenced prior to the decedent's death, EPTL 11-3.3 (b) (2) and CPLR 203 (f), read in combination, may provide for the "relation back" of the wrongful death claim (*see Caffaro,* 35 NY2d at 250 [then CPLR 203 (e)]). However, when the death occurs before the commencement of the personal injury action, EPTL 11-3.3 (b) (2) is not applicable and therefore cannot be read in combination with CPLR 203 (f) to relate the claims in the amended complaint back to the commencement of the action (*see Lane v City of New York,* 259 AD2d 596 [1999], *lv dismissed* 93 NY2d 957 [1999]; *cf. Velez v Springer,* 102 AD2d 823 [1984]). Although the Second Department in *Lane* did not set forth the underlying facts in its decision, the record in that appeal reflects that the personal injury action was commenced after the decedent's death and the plaintiffs therein sought to amend the complaint more than two years after the decedent's death. The Court in *Lane* considered the applicability of EPTL 11-3.3 (b) (2) and CPLR 203 (f) to the facts and affirmed the order denying the plaintiffs' motion seeking to amend the complaint in the personal injury action to add a cause of action for wrongful death. Plaintiff does not allege in the original complaint, as enlarged by the bill of particulars on behalf of decedent's estate, that decedent sustained injuries to his leg as a result of the motor vehicle accident. Plaintiff contends that she did not have an expert opinion linking decedent's death to the injuries sustained in the motor vehicle accident until October 2001, 31 months after decedent's death. Because decedent's medical records were available during the two-year limitation period following decedent's death (*see* EPTL 5-4.1 [1]), that contention is unavailing. The original pleading does not give notice of the occurrences that plaintiff seeks to prove in the amended complaint (*see* CPLR 203 [f]), i.e., that injuries to decedent's leg were exacerbated by decedent's diabetic condition and ultimately caused decedent's death. Thus, we conclude that CPLR 203 (f) by its terms is inapplicable here.

Although defendants contend that the court erred in sua

sponte striking the note of issue, the order on appeal states that the note of issue was struck "by stipulation of counsel for the respective parties." Thus, defendants are not aggrieved by that provision of the order and cannot appeal therefrom (see CPLR 5511).

We therefore modify the order by denying that part of plaintiff's motion seeking to amend the complaint to add a cause of action for wrongful death and to include additional injuries contributing to decedent's death. Present—Pine, J.P., Wisner, Scudder, Kehoe and Burns, JJ.