■ MANUFACTURERS & TRADERS TRUST COMPANY, Named in the Relevant Escrow Agreements as MANUFACTURER'S & TRADERS BANK, Plaintiff, v RELIANCE INSURANCE COMPANY et al., Defendants, and O'BRIEN & GERE TECHNICAL SERVICES, INC., Appellant, and FRU-CON/FLUOR DANIEL JOINT VENTURE, Respondent. [778 NYS2d 600]—

Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered August 8, 2003. The order denied the motion of defendant O'Brien & Gere Technical Services, Inc. seeking leave to amend its answer.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Supreme Court properly denied the motion of O'Brien & Gere Technical Services, Inc. (defendant) seeking leave to amend its answer after its motion for summary judgment was denied, and after the cross motion of defendant Fru-Con/Fluor Daniel Joint Venture (Joint Venture) for summary judgment was granted following an appeal by Joint Venture to this Court (*Manufacturers & Traders Trust Co. v Reliance Ins. Co.*, 303 AD2d 1002 [2003]). Although leave to amend should be freely granted, it is properly denied where the proposed amendment is lacking in merit (*see Christiano v Chiarenza,* 1 AD3d 1039 [2003]; *Fingerlakes Chiropractic v Maggio,* 269 AD2d 790, 791 [2000]). Here, the proposed amendments concerning the defenses of waiver and judicial estoppel are lacking in merit (*see generally Enright v Nationwide Ins.* [appeal No. 2], 295 AD2d 980 [2002]; *Abramovich v Harris,* 227 AD2d 1000 [1996]). Further, defendant failed to raise those defenses when its motion for summary judgment and Joint Venture's cross motion for summary judgment were before the court two years earlier, and defendant has failed to establish a reasonable excuse for the delay (*see Jablonski v County of Erie,* 286 AD2d 927, 928 [2001]). Present—Green, J.P., Pine, Scudder, Martoche and Hayes, JJ.