OPINION OF THE COURT
Raymond E. Cornelius, J.
The plaintiff, Mark C. Smelts, has previously commenced separate personal injury actions, arising out of the same occurrence. On June 16, 2000, shortly after 4:00 a.m., plaintiff claims that Roy Terry, one of the named defendants, was operating a 1990 Chevrolet, at a high rate of speed, northbound on Alexander Street in the City of Rochester. Mr. Terry allegedly proceeded through a red light at the intersection of Alexander Street and East Main Street, and struck a 1991 Chevrolet, being operated, westbound on East Main Street, by Mr. Smelts, resulting in severe personal injuries to him. Furthermore, plaintiff claims that the vehicle, operated by Mr. Terry, was, at the time, being pursued at a high rate of speed by Deputy Monroe County Sheriff Bridget O’Hara in a Monroe County Sheriffs vehicle. In fact, the pleadings contain allegations that members of the Monroe County Sheriff’s Department had pursued the 1990 Chevrolet, with emergency lights activated and at high rates of speed, over a long distance, beginning at a location on Panorama Trail in the Town of Penfield. Information indicates that Deputy O’Hara, during her initial observations, determined that the license plates did not correspond for the particular vehicle, and, after she attempted to stop the vehicle, the driver sped away. The pursuit continued into the City of Rochester, where Deputy O’Hara was allegedly assisted by members of the Rochester Police Department.
In one of the actions, Andrew Meloni, Sheriff Monroe County, the County of Monroe, Bob Hastings Oldsmobile and Roy Terry were named as defendants.[1] The complaint in the other action alleges that Deputy O’Hara operated the Monroe County Sheriffs vehicle “with reckless disregard for the safety of other highway users . . . and her vehicle operation was grossly negli *775 gent.”[2] Pursuant to the provisions of Vehicle and Traffic Law § 1104, the driver of an authorized emergency vehicle may operate the vehicle in violation of certain laws, including exceeding maximum speed limits. However, this does not “relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall such provisions protect the driver from the consequences of his reckless disregard for the safety of others” (Vehicle and Traffic Law § 1104 [e]). This section has been interpreted to preclude the imposition of civil liability against such a driver unless “the conduct rises to the level of recklessness” (Saarinen v Kerr, 84 NY2d 494, 497 [1994]). In this decision, which also involved a high speed police chase, the Court of Appeals ruled that the standard for liability was more than ordinary negligence, and required “evidence that ‘the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow’ and has done so with conscious indifference to the outcome” (Saarinen v Kerr at 501, quoting Prosser and Keeton, Torts § 34, at 213 [5th ed]). Although the evidence in the Saarinen case warranted the granting of summary judgment in favor of the municipal defendant, the facts of a particular case may be such as to raise issues of fact as to whether or not such a driver engaged in reckless conduct sufficient to preclude summary judgment (see Spalla v Village of Brockport, 295 AD2d 900 [4th Dept 2002]).
This court, by order dated February 28, 2002, consolidated the two separate, personal injury actions. The defendants, Sheriff Meloni and Deputy O’Hara, had previously made motions for summary judgment. In addition, plaintiff made a motion to dismiss the affirmative defense of a one-year statute of limitations interposed in the answer of the defendant, Deputy O’Hara. On June 17, 2002, this court granted plaintiffs motion to dismiss the affirmative defense but denied the motion for summary judgment made by the defendant, Deputy O’Hara. The court granted the motion for summary judgment, made on behalf of the defendant, Sheriff Meloni, but only to the extent that liability was sought to be imposed against him upon a theory of respondeat superior. As clarified by an order of this court, dated March 21, 2003, the motion to dismiss the complaint against Sheriff Meloni was denied insofar as liability was *776 premised upon theories such as the failure to properly instruct and train deputies in regard to high speed chases, the failure to adopt a policy pertaining to such pursuits, and the failure to promulgate instructions or protocols regarding discontinuance of such pursuits.
The rulings of this court were subsequently affirmed by the Appellate Division, Fourth Department (Smelts v Meloni, 306 AD2d 872 [4th Dept 2003]). Thereafter, the Court of Appeals denied a request for leave to appeal (Smelts v Meloni, 100 NY2d 516 [2003]).
Motions have now been made, on behalf of the defendants, Sheriff Meloni and Deputy O’Hara, for leave to serve amended answers. In essence, Sheriff Meloni seeks to amend his answer to allege governmental immunity from liability for the exercise of discretion in training and supervising deputies, the adopting and implementing of policies and procedures, and generally, for the exercise of discretion involving the high speed pursuit of the vehicle, which was operated by Roy Terry. Deputy O’Hara seeks to amend her answer to also assert an affirmative defense of governmental immunity in regard to her motor vehicle pursuit of Roy Terry. The proposed amended answer, submitted on behalf of defendant, Deputy O’Hara, again contains an affirmative defense of the one-year statute of limitations.
In support of the motions for leave to amend the answers, counsel submitted an affidavit, citing inadvertence as the reason for not including the defense of qualified governmental immunity in the original pleadings. A party to an action may amend a pleading, at any time, by leave of court, and “[l]eave shall be freely given upon such terms as may be just including the granting of costs and continuances” (CPLR 3025 [b]). Although the decision to permit an amended pleading is committed largely to the court’s discretion, lateness in raising a defense, for example, should not preclude an amendment unless this could result in prejudice or surprise to the opposing party (Edenwald Contr. Co. v City of New York, 60 NY2d 957 [1983]; Mc-Caskey, Davies & Assoc. v New York City Health & Hosps. Corp., 59 NY2d 755 [1983]; Fahey v County of Ontario, 44 NY2d 934 [1978]).
“Prejudice” has been defined as more than exposing a defendant to greater liability, and there must be a showing that the defendant “has been hindered in the preparation of his case or has been prevented from taking some measure in support of his position” (Loomis v Civetta Corinno Constr. Corp., 54 NY2d 18, *777 23 [1981]; Kenford Co. v County of Erie, 93 AD2d 998 [4th Dept 1983]). Thus, leave should generally be granted to amend a pleading, which does not contain new facts, but merely adds an additional theory (Rogers v South Slope Holding Corp., 255 AD2d 898 [4th Dept 1998]; Omni Group Farms v County of Cayuga, 199 AD2d 1033 [4th Dept 1993]; Brewster v Baltimore & Ohio R.R. Co., 185 AD2d 653 [4th Dept 1992]). Such permitted amendments would include the assertion of affirmative defenses which, although not set forth in the initial answer, are not based upon additional facts or would otherwise constitute surprise to the plaintiff (see e.g. Whalen v Kawasaki Motors Corp., 242 AD2d 919 [4th Dept 1997]; Schafer v Albro, 233 AD2d 900 [4th Dept 1996]; Newton v Aqua Flo Co., 106 AD2d 919 [4th Dept 1984]; Lundgren v McColgin, 96 AD2d 706 [4th Dept 1983]).
There are decisions suggesting that it would constitute an abuse of discretion for a court to permit an amendment of a pleading if the proponent of the motion failed to establish a reasonable cause for a delay (see e.g. Manufacturers & Traders Trust Co. v Reliance Ins. Co., 8 AD3d 1000 [4th Dept 2004]). This requirement appears to have been applied in situations where there has been an extended delay in making a motion to amend the pleadings, especially following the filing of a note of issue and certificate of readiness for trial (see Blake v Wieczorek, 305 AD2d 989 [4th Dept 2003]; Jablonski v County of Erie, 286 AD2d 927 [4th Dept 2001]; Sidor v Zuhoski, 257 AD2d 564 [2d Dept 1999]). However, in one recent case, a motion to amend made within IV2 years of filing a complaint, but after the filing of a note of issue and certificate of readiness, was determined not to constitute an extended delay (McFarland v Michel, 2 AD3d 1297 [4th Dept 2003]). In the pending case, three years have elapsed since commencement of the actions. However, there was an intervening appeal and a note of issue and certificate of readiness for trial has not been filed in the case. Accordingly, the court has determined that the delay in making a motion for amendment should not, alone, preclude an order granting leave to amend the answer.
In addition to the foregoing, leave to amend a pleading should not be granted unless the proponent has demonstrated that the additional assertions have merit (Manufacturers & Traders Trust Co. v Reliance Ins. Co., 8 AD3d 1000 [4th Dept 2004]; Rogers v South Slope Holding Corp., 255 AD2d 898 [4th Dept 1998]; Morgan v Prospect Park Assoc. Holdings, 251 AD2d 306 *778 [2d Dept 1998]). Therefore, it becomes necessary to determine whether or not the defense of governmental immunity may have merit within the context of the facts in the pending case.
Although municipalities, within the State of New York, have surrendered common-law tort immunity for misfeasance of their officers and employees, when official action involves the exercise of discretion, liability may not be imposed against the municipality for injuries, based upon negligence for the exercise of such discretion (Tango v Tulevech, 61 NY2d 34 [1983]). In Tango (at 41), the Court of Appeals, citing Prosser, Torts (§ 132 at 990 [4th ed]), acknowledged that “almost any act admits some discretion in the manner of performance, even driving a nail,” but distinguished between ministerial acts, to which governmental immunity does not attach, and discretionary acts. The Court summarized the general rule as follows: “discretionary or quasi-judicial acts involve the exercise of reasoned judgment which could typically produce different acceptable results whereas a ministerial act envisions direct adherence to a governing rule or standard with a compulsory result” {Tango, 61 NY2d at 41). In order to ascertain whether or not an act is discretionary, in nature, a court must analyze the “functions and duties of the actor’s particular position and whether they inherently entail the exercise of some discretion and judgment,” such as a reasoned decision to employ an individual who, thereafter, negligently injures another (Mon v City of New York, 78 NY2d 309, 313 [1991]). Thus, the Court of Appeals has stated that “Governmental immunity . . . does not attach to every act, but when official action involves the exercise of discretion or expert judgment in policy matters, and is not exclusively ministerial, a municipal defendant generally is not answerable in damages for the injurious consequences of that action” (Haddock v City of New York, 75 NY2d 478, 484 [1990] [emphasis added]).
The remaining allegations, in the complaint against Sheriff Meloni, all relate to negligent conduct attributed to policy-making decisions, such as the method of training or instructing deputies with regard to the pursuit or discontinuance of high speed chases. These are generally the type of discretionary actions to which governmental immunity would attach, and plaintiff does not seriously oppose this defendant’s motion to amend the answer to assert such defense (see Dorsey v City of Poughkeepsie, 275 AD2d 386 [2d Dept 2000]; Maloney v Board of Educ. of City of Buffalo, 177 AD2d 1012 [4th Dept 1991], lv denied 79 NY2d 912 [1992]). However, this court has concluded *779 that the defense of governmental immunity lacks merit insofar as the complaint alleges liability on the part of Deputy O’Hara.
The decision, by Deputy O’Hara, to pursue the vehicle, operated by Roy Terry, following an unsuccessful attempt to stop him, is admittedly, in one sense, discretionary in nature. However, as previously discussed, most human activity involves discretion and decision making, to some extent, but the defense of governmental immunity has generally been applied to official actions involving policy matters. The facts, underlying the decision in Dorsey, are analogous to the pending matter. In that case, plaintiff commenced causes of action against a police officer and municipality for injury suffered for an alleged high speed police pursuit of a suspected lawbreaker. The Court affirmed dismissal of the complaint against the municipal defendant based upon a determination that the failure to call off the pursuit, by supervisory personnel, constituted a discretionary decision, and therefore, such defendant was immune from tort liability (275 AD2d at 387, citing Tango, 61 NY2d 34 [1983]). The dismissal of the complaint against the police officer was also affirmed by the Court, but not on the basis of governmental immunity. In essence, the Court found that evidence that the police officer may have been speeding, during some part of the pursuit, was insufficient to constitute reckless conduct under the standards set forth in Saarinen.
In addition to the foregoing, and in this court’s opinion, it would be incongruous to hold that the defense of governmental immunity should be applicable to a police officer’s decision to engage in a high speed police chase of a suspect. In effect, such a ruling would sanction a police officer to make a discretionary decision to disregard an obvious risk, with conscious disregard for the outcome, and to otherwise engage in reckless conduct. If the defense of governmental immunity were accorded to a decision to engage in a high speed police pursuit, this would, in effect, defeat any imposition of civil liability as otherwise authorized by the Vehicle and Traffic Law, in the narrow range of cases where a police officer engages in actions which meet the high standard of reckless conduct.
Based upon the foregoing reasons, it is hereby ordered that the motion of defendant, Andrew Meloni, Sheriff of Monroe County, to amend his answer is granted, and it is further ordered that the motion of defendant, Deputy Monroe County Sheriff Bridget O’Hara, to amend her answer is denied.

. The vehicle being operated by Roy Terry was owned by Bob Hastings Oldsmobile. Although initially named a defendant, the complaint against the owner was dismissed as the result of a stipulation between the parties, dated December 3, 2002. The complaint against the defendant, County of Monroe, was dismissed pursuant to a court order, granting summary judgment.

. The complaint also named the City of Rochester as a defendant, and continues to remain pending against this defendant.