Alexander v City of New York (2019 NY Slip Op 07042)





Alexander v City of New York


2019 NY Slip Op 07042


Decided on October 2, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-10113 
2017-10114
2017-10115
 (Index No. 11684/13)

[*1]Gladiola Alexander, appellant, 
v
City of New York, et al., respondents, et al., defendants.


Mullaney & Gjelaj, PLLC, Forest Hills, NY (Barry Liebman, Julie T. Mark, and Michael Zhu of counsel), for appellant.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Jane L. Gordon and Janet L. Zaleon of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Katherine Levine, J.), dated June 16, 2017, as amended by an order of the same court dated August 8, 2017, (2) an order of the same court (Lawrence Knipel, J.), also dated June 16, 2017, and (3) an order of the same court (Miriam P. Sunshine, Ct. Atty. Ref.) dated August 8, 2017. The first order dated June 16, 2017, insofar as appealed from, and as amended by the order dated August 8, 2017, granted that branch of the motion of the defendants City of New York and New York City Police Department which was for summary judgment dismissing the complaint insofar as asserted against them. The second order dated June 16, 2017, assigned a Court Attorney Referee. The order dated August 8, 2017, after a hearing, determined that those defendants' summary judgment motion was timely made.
ORDERED that the appeals from the second order dated June 16, 2017, and the order dated August 8, 2017, are dismissed, as no appeal lies as of right from orders which are not the result of a motion made on notice (see CPLR 5701[a][2]), and we decline to grant leave to appeal from either order in light of our determination on the appeal from the first order dated June 16, 2017, as amended; and it is further,
ORDERED that the first order dated June 16, 2017, as amended, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
The plaintiff allegedly was injured when her lower body was struck by a vehicle that was attempting to drive between the vehicle from which the plaintiff was alighting and other parked vehicles. Prior to the accident, the vehicle had been pursued for a number of blocks by the police, who were attempting to effectuate a motor vehicle stop based upon excessively tinted windows.
The plaintiff commenced this action to recover damages for personal injuries against, among others, the City of New York and the New York City Police Department (hereinafter together [*2]the City defendants). Following discovery, the City defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion, and the plaintiff appeals.
A police officer's conduct in pursuing a suspected lawbreaker may not form the basis of civil liability to an injured third party unless the officer acted with reckless disregard for the safety of others (see Vehicle and Traffic Law § 1104[e]; Saarinen v Kerr, 84 NY2d 494, 501; Nurse v City of New York, 56 AD3d 442, 443). This "reckless disregard" standard requires evidence that the officer has "intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow and has done so with conscious indifference to the outcome" (Saarinen v Kerr, 84 NY2d at 501 [internal quotation marks omitted]; see Quintana v Wallace, 95 AD3d 1287; Nurse v City of New York, 56 AD3d at 443).
Here, the City defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by demonstrating that the police officers involved in the pursuit of the vehicle did not act with reckless disregard for the safety of others (see Nurse v City of New York, 56 AD3d at 443; Dorsey v City of Poughkeepsie, 275 AD2d 386, 387; Young v Village of Lynbrook, 234 AD2d 455, 455). In addition, the proximate cause of the accident was the independent recklessness of the driver of the vehicle, and not the police officers' conduct in initiating the pursuit (see Nurse v City of New York, 56 AD3d at 443; see generally Derdiarian v Felix Contr. Corp., 51 NY2d 308). One of the officers involved testified at her deposition that the officers had terminated the pursuit prior to the accident and had lost sight of the vehicle, which had turned down another street, before the vehicle struck the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact (see Nurse v City of New York, 56 AD3d at 443). Accordingly, we agree with the Supreme Court's determination granting that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them.
DILLON, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court