| |
|---|
| **Tabas v City of New York** |
| 2024 NY Slip Op 30549(U) |
| February 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157809/2021 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:      **HON. HASA A. KINGO**          PART          05M
                     *Justice*

-----------------------------------------------------------------------------X

ALVARO TABAS,

                              Plaintiff,

                       - v -

THE CITY OF NEW YORK, OFFICER BERALTAL

                           Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 157809/2021 |
| MOTION DATE | 08/24/2023 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 55, 56, 57, 58, 59, 60

were read on this motion to/for            AMEND CAPTION/PLEADINGS       .

     With the instant motion, plaintiff ALVARO TABAS ("plaintiff") seeks to amend the caption in this action due to the current caption's failure to make clear the true spelling of a named officer's legal name. No support is provided as the basis for the amendment sought. In opposition, defendant CITY OF NEW YORK ("defendant") takes no position on plaintiff being granted leave to amend the caption as it applies to plaintiff's claims which remain timely, i.e. plaintiff's federal claims brought pursuant to 42 U.S.C. §1983, against the proposed defendant as the statute of limitations had yet to expire at the time of the filing of the instant motion. Rather, defendant opposes plaintiff's application seeking amendment as it pertains to all state law claims as the statute of limitations has expired with respect to those claims. In opposition, defendant further underscores that plaintiff has failed to exercise the required due diligence to timely identify and properly name proposed defendant entitling him to the benefits afforded under the "relation back" doctrine. Furthermore, defendant argues that the doctrine of "relation back" is not applicable since the proposed defendant is not united in interest with defendant and plaintiff cannot establish that the officer knew or should have known that, but for an excusable mistake by plaintiff as to his identity, the action would have been brought against him as well.

     "Leave to amend pleadings under CPLR § 3025(b) should be freely given and denied only if there is prejudice or surprise resulting directly from the delay or if the proposed amendment is palpably improper or insufficient as a matter of law" (*McGhee v Odell*, 96 AD3d 449, 450 [1st Dept 2012]). In general, a proposed amendment which asserts a claim against a new party that is barred by the applicable statute of limitations is "patently devoid of merit" (*see e.g., Nossov v Hunter Mtn.*, 185 AD3d 948, 949 [2d Dept 2020]).

     It is well-established that a party seeking to invoke the relation back doctrine must establish that: first, the claims arose out of the same conduct, transactions, or occurrence; second, that the new party is united in interest with the original defendant, and will not suffer prejudice due to lack of notice; third, that the new party knew or should have known that but for a mistake by the plaintiff

as to the identity of the proper parties, the action would have been brought against him as well (*Buran v Coupal*, 87 NY2d 173, 178, [1995]). Moreover, a movant seeking to apply the relation-back doctrine to a later identified "John Doe" defendant, pursuant to CPLR § 1024, also has the burden of establishing that diligent efforts were made to ascertain the unknown party's identity prior to the expiration of the statute of limitations (*see Diaz v City of New York*, 160 AD3d 457, 457 [1st Dept 2018]; *Holmes v City of New York*, 132 AD3d 952, 954 [2d Dept 2015]).

Here, plaintiff has failed to allege any mistake in identifying the proposed defendant or diligent efforts made to ascertain the identity of the proposed defendant within the applicable statute of limitations (*Crawford v City of NY*, 129 AD3d 554, 555 [1st Dept 2015]). Likewise, all state law claims contained in plaintiff's complaint against the proposed defendant are without merit because the statute of limitations expired well before the instant motion and plaintiff is therefore unable to demonstrate that the proposed defendant is united in interest with the City, and because the proposed defendant has no reason to know he would be named in this lawsuit. Indeed, the statute of limitations for plaintiff's state law claims expired on February 1, 2022, inclusive of the COVID toll.

As the state law claims had already run prior to plaintiff's awareness of the identity of the proposed defendant, and plaintiff has failed to establish that any diligent efforts made prior to the statute running to identify the proposed defendant, plaintiff's instant motion necessarily fails on those grounds (*Diaz*, 160 AD3d at 457, *supra*).

The parties do not dispute that the statute of limitations for plaintiff's state law claims has expired. However, under the relation-back doctrine, new parties may be joined as defendants in a previously commenced action, even after the statute of limitations has expired, where the plaintiff establishes that: (1) the claims against the new defendants arise from the same conduct, transaction, or occurrence as the claims against the original defendants; (2) the new defendants are "united in interest" with the original defendants, and will not suffer prejudice due to lack of notice; and (3) the new defendants knew or should have known that, but for the plaintiff's mistake, they would have been included as defendants (*Higgins v City of New York*, 144 AD3d 511, 512-13 [1st Dept 2016] [internal citations omitted]; CPLR § 203). In addition, as plaintiff seeks "to apply the relation back doctrine to a later identified 'John Doe' defendant, pursuant to CPLR § 1024, [she] also has the burden of establishing that diligent efforts were made to ascertain the unknown party's identity prior to the expiration of the statute of limitations" (*McCullough v The City of New York*, 2019 NY Slip Op 34040[U], 2-3 [Sup Ct, NY Cnty 2019] [internal citations omitted]).

Here, plaintiff seeks leave to amend the caption to now name a proposed defendant who was neither correctly named in the caption, nor described in any specific form throughout the original summons and complaint, first filed on August 17, 2021. Indeed, the allegations asserted in the summons and complaint by plaintiff only ambiguously asserts in a conclusory fashion devoid of any detailed factual allegations that the defendant committed alleged acts of negligence and deprivations of his constitutional rights. Specifically, there is no indication as to who "Officer Beraltal" may be, whether male or female, no physical description of same, no details as to height and weight approximation, hair color and length, ethnicity, and/or color of skin as to potentially distinguish and identity him. Thus, plaintiff has failed to sufficiently describe the officer in the complaint to fairly apprise same that he was the intended defendant. In addition, counsel failed to

provide an affidavit stating that a diligent inquiry had been made to determine the names of such parties (*see Volpe v. Good Samaritan Hosp.*, 213 AD2d 398 [2d Dept 1995]).

Similarly, plaintiff has failed to show that they are entitled to substitute the officer pursuant to the "relation back" doctrine. Among other things, here, the proposed defendant could not be expected to have notice that an action would have been brought against him simply because he was allegedly involved in some form in the subject incident (*see Caselli v. City of New York*, 105 AD2d 251 [2d Dept 1984]). Indeed, Mere involvement in the arrest alone cannot create knowledge of any wrongdoing nor does it automatically impute knowledge of the existence of a subsequent personal injury lawsuit against an individual. There is no evidence that the proposed defendant should have known that he was going to be sued. In fact, plaintiff does not even allege that the officer knew or should have known of the pending action.

Accordingly, plaintiff has failed to meet the conditions to justify plaintiff's motion seeking leave to amend the caption as the statute of limitations has run on the state law claims and plaintiff has made no showing that a late amendment should be permitted under the "relation back" doctrine.

Notwithstanding, the amendment is granted, unopposed, as it relates to plaintiff's federal claims brought pursuant to 42 U.S.C. §1983. Accordingly, it is hereby

ORDERED that plaintiff's motion is granted only to the extent that plaintiff is granted leave to amend the caption as it relates to plaintiff's federal claims brought pursuant to 42 U.S.C. §1983 only; and it is further

ORDERED that the caption relating to plaintiff's federal claims brought pursuant to 42 U.S.C. §1983 shall read as follows:

SUPREME COURT OF THE STATE OF NEW YORK
NEW YORK COUNTY

---

ALVARO TABAS                                        INDEX NO.: 157809/2021

 Plaintiff,

-against-

CITY OF NEW YORK; OFFICER PERALTADEL
(SHIELD #967645) AND DOES 1-10, inclusive.

Defendant(s)

---

; and it is further

ORDERED that plaintiff's motion is otherwise denied with respect to amending the caption as it relates to plaintiff's state law claims barred by the statute of for the reasons stated herein.

This constitutes the decision and order of the court.

20240221122700HKINGO4A857A1629D640ED94C184ADA6E63A08

_____
2/21/2024
DATE

_____
HASA A. KINGO, J.S.C.

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | ☐ GRANTED | ☒ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**157809/2021   TABAS, ALVARO vs. THE CITY OF NEW YORK ET AL**
**Motion No.  004**