■ ROBERT VENCIUS et al., Appellants, v MORANIA OIL TANKER CORP., Respondent. [619 NYS2d 336] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Richmond County (Cusick, J.), dated December 10, 1991, which denied the plaintiffs' motion to set aside a jury verdict in favor of the defendant on the issue of liability, and (2) a judgment of the same court, entered August 14, 1992, which, upon the jury verdict is in favor of the defendant, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

The plaintiff Robert Vencius was assigned by his employer to perform work on a barge owned by the defendant. Vencius was allegedly injured while disembarking from the vessel via a ladder. After a trial on the issue of liability only, the jury returned a verdict in favor of the defendant. The plaintiffs moved to set aside the verdict, contending that they had been precluded by the trial court from proving that the shipyard employment regulations of the Occupational Safety and Health Act (hereinafter OSHA) *(see,* 29 CFR 1915 *et seq.)* applied to the defendant's conduct.

By their terms, however, the responsibility for compliance with the OSHA regulations lies with the employer, and not with the owner of the vessel *(see,* 29 CFR 1915.3). It is undisputed that the defendant was neither Vencius's employer nor acting as Vencius's employer *(see,* 29 CFR 1915.4). The Supreme Court therefore properly concluded that the OSHA regulations in question did not apply to the defendant *(see, Stockstill v Gypsum Transp.,* 607 F2d 1112, *cert denied* 451 US 969; *Brown v Mitsubishi Shintaku Ginko,* 550 F2d 331; *Gallardo v Westfal-Larsen & Co.,* 435 F Supp 484).

In light of our determination, we need not address the

plaintiffs' remaining contentions. Copertino, J. P., Pizzuto, Santucci and Florio, JJ., concur.