■ PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator of the Estates of FAMUEL DIAS DE SOUZA and Others, Deceased, Respondent, v FROTA OCEANICA BRASILEIRA, S.A., et al., Appellants. [635 NYS2d 606] —Order, Supreme Court, New York County (Edward J. Greenfield, J.), entered February

14, 1995, which, to the extent appealed from, denied defendants' motions for summary judgment dismissing plaintiff's claims for punitive damages, unanimously reversed, on the law, and the defendants' motions granted, with costs.

The consolidated actions underlying this appeal were commenced by the Public Administrator on behalf of the representatives of fifteen Uruguayan and Brazilian seamen who were lost when the S.S. *Sylvia Ossa,* a cargo ship owned and operated by the various Omnium defendants and bearing Panamanian registration, sank on October 12, 1976 while transporting iron ore from Rio de Janeiro to Philadelphia. Plaintiffs alleged violations of the Jones Act (46 USC, Appendix § 688), general maritime law, and the Death on the High Seas Act (DOHSA; 46 USC, Appendix § 761 *et seq.*) and sought to recover damages for various injuries as well as, *inter alia,* punitive damages.

This matter had been pending before the same Justice since 1977 and the motions to dismiss the claims for punitive damages were originally submitted in 1991. By order entered February 7, 1995, this Court granted defendants' application for a writ of prohibition against the Trial Justice to the extent of directing that the matter be assigned to another Justice (*see, Matter Omnium Transp. Co. v Greenfield,* 212 AD2d 388). However, three days prior to the issuance of this Court's order, the respondent Justice issued the order appealed herein erroneously denying defendants' motion to dismiss the claims for punitive damages.

Damages for nonpecuniary loss are unavailable under either the Jones Act or DOHSA (*see, Mobil Oil Corp. v Higginbotham,* 436 US 618, 621-623), and are similarly unavailable under general maritime law (*Miles v Apex Mar. Corp.,* 498 US 19). Punitive damages are nonpecuniary damages and are therefore precluded by the Jones Act and DOHSA (*Mobil Oil v Higginbotham, supra*; *Bergen v F/ V St. Patrick,* 816 F2d 1345, *cert denied* 493 US 871; *Kopczynski v The Jacqueline,* 742 F2d 555, 560-561, *cert denied* 471 US 1136). It is the prevailing rule that punitive damages are also unavailable under general maritime law as well (*Guevara v Maritime Overseas Corp.,* 59 F3d 1496; *Horsley v Mobil Oil Corp.,* 15 F3d 200; *Miller v American President Lines,* 989 F2d 1450, *cert denied* 510 US 915; *Sky Cruises v Andersen,* 592 So2d 756 [Fla], *cert denied* 506 US 975). The trial court's reliance on cases decided prior to *Miles (supra),* one of which, *Dyer v Merry Shipping Co.* (650 F2d 622), having been effectively overruled in *Guevara v Maritime Overseas Corp.* (59 F3d 1496, *supra),* was misplaced.

Plaintiff has not pleaded that either Panamanian or Libe-

rian law applies to this matter (*see*, CPLR 3016 [e]), and has maintained this action under the Jones Act, DOHSA and general maritime law for the past 19 years. It is now estopped from taking the contrary position that this matter should be tried under foreign law (*Karasik v Bird*, 104 AD2d 758). We have reviewed plaintiff's other contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Asch, JJ.