■ ANDREA FRAZER et al., Respondents, v CITY OF NEW YORK, Defendant, and CIRCLE LINE SIGHTSEEING YACHTS, INC., et al., Appellants. LINDA GLEANER et al., Respondents, v CIRCLE LINE SIGHTSEEING YACHTS, INC., et al., Appellants. (And Another Action.) [659 NYS2d 23] —Order, Supreme Court, Bronx County

(Douglas McKeon, J.), entered February 5, 1996, which denied defendants-appellants' motion to dismiss plaintiffs' claims for punitive damages, unanimously reversed, on the law, without costs, the motion granted and plaintiffs' claims for punitive damages are dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiffs, who were passengers on a Circle Line sightseeing boat on the afternoon of May 25, 1986 when it struck the Willis Avenue Bridge over the Harlem River, seek compensatory and punitive damages for their alleged injuries.

Although the law has not been entirely settled by the Supreme Court's holding that exemplary damages are not recoverable in a general maritime cause of action for the wrongful death of a seaman (*Miles v Apex Mar. Corp.*, 498 US 19), both this Court, in *Public Adm'r of County of N. Y. v Frota Oceanica Brasileira* (222 AD2d 332, 333, *lv dismissed* 88 NY2d 920), and the Second Circuit, in *Wahlstrom v Kawasaki Heavy Indus.* (4 F3d 1084, *cert denied* 510 US 1114), have adhered to the prevailing rule that punitive damages are unavailable under general maritime law. Plaintiffs' attempt to distinguish this case on the ground that plaintiffs were passengers rather than seamen or seafarers is unavailing and their reliance upon *Yamaha Motor Corp. v Calhoun* (516 US 199) and *CEH, Inc. v F/ V Seafarer* (70 F3d 694) is misplaced since both cases were decided upon specific exceptions to general maritime law. In *Yamaha*, the Supreme Court held that the provisions of the Death on the High Seas Act specifically preserved the application of State statutes to deaths in territorial waters (516 US, *supra*, at 215-216), while in *CEH*, the First Circuit permitted a claim for punitive damages due to the absence of any legislation that touches upon circumstances involving the reckless or willful destruction of property (70 F3d, *supra*, at 701).

As noted by the court in *Cochran v A/ H Battery Assocs.* (909 F Supp 911, 922), a similar case involving a passenger on a ferry which allided with a dock, the crux of the Supreme Court's decision in *Miles* (*supra*), is that "when Congress has legislated in an area of maritime law, judicially created remedies must conform with that legislation. To allow a punitive damage claim would be to expand maritime jurisprudence beyond Congress' intention." Likewise, in *Preston v Frantz* (11 F3d 357, 358, *cert dismissed* 512 US 1279), where the plaintiffs sought recovery of exemplary damages for a passenger killed in a helicopter crash on the high seas and contended that *Wahlstrom* was wrongly decided because the holding in *Miles*, upon which that ruling was based, applies only to Jones Act

seamen, the Second Circuit disagreed, stating that "even if *Miles* were applicable only to Jones Act seamen, it would not render our decision in *Wahlstrom* infirm. '[I]n view of the special regard accorded by admiralty to seamen,' *Wahlstrom*, 4 F.3d at 1092, it would be anomalous to allow a nonseaman's estate to recover for [exemplary damages] when a seaman's estate, under *Miles*, would not be entitled to such recovery". The same rationale applies in this case. Concur—Milonas, J. P., Nardelli, Williams and Andrias, JJ.