**Elizabeth O'HARA, Plaintiff,**

v.

**CELEBRITY CRUISES, INC., Meridian Cruise Services, a division of Celebrity Catering Services Partnership, Fourth Transoceanic Shipping Company, Ltd and Arturo Campignoti, Defendants.**

**Kimberly ROSSI (Nee: DeCicco), Plaintiff,**

v.

**CELEBRITY CRUISES, INC., Meridian Cruise Services, and Fourth Transoceanic Shipping Company, Ltd., Defendants.**

Nos. 96 Civ. 2079 (JSR), 96 Civ. 5763 (JSR).

United States District Court, S.D. New York.

Oct. 13, 1997.

Thomas J. Donovan, James R. Hatter, Hatter, Donovan & McFaul, Mineola, NY, for Elizabeth O'Hara.

Gregory O'Neill, William Clair, Hill, Betts & Nash, New York City, for Celebrity Cruises, Inc., Meridian Cruise Services, Fourth Transoceanic Shipping Co., Ltd., Arturo Campignoti.

Mangines and Magines, Thomas E. Mangines, Daniel Kryzanski, Fairfield, CT, for Kimberly Rossi.

---

## OPINION

RAKOFF, District Judge.

In confronting Scylla and Charybdis, Ulysses was not the first shipowner to face the vicissitudes of overlapping jurisdictions, nor, as these cases illustrate, was he the last. Specifically, the instant cases involve, *inter alia*, claims under both New York State and federal maritime law that the alleged negligence of the defendant ship owners and operators, which allegedly contributed to the personal injuries suffered by the two plaintiff passengers assaulted by a crew member aboard ship, was so wanton as to warrant an award of punitive damages. During the course of the consolidated trial, however, the Court disallowed, as a matter of law, any award for punitive damages. *See* transcript of proceedings, September 12, 1997. Further, on the underlying question of liability, the jury found these defendants not liable at all to one of the plaintiffs and liable to the other plaintiff in an amount ($20,000) so modest in terms of that plaintiff's claims as to make it apparent that the jury would not have awarded punitive damages in any event. Nevertheless, because this Court's rejection of punitive damages as a matter of law may still be the subject of appellate review, and because it is arguably at variance with Judge Schwartz's unreported order of March 14, 1996 in the case of *Taylor v. Costa Cruises, Inc. et al.*, 90 Civ. 2630(AGS), 1992 WL 196793 (S.D.N.Y.1992), this opinion will serve to elaborate the Court's reasoning in greater detail than the exigencies of the ongoing trial schedule permitted.

To decide whether punitive damages are legally permissible in a negligence action brought by a ship's passenger for personal injuries suffered aboard ship, the Court must first determine whether such damages are available under general maritime law and, if not, whether they can be imported from the law of an arguably applicable state jurisdiction (in this case New York). While prior to 1990 punitive damage awards were sometimes held permissible in tort actions falling within federal maritime jurisdiction, *see, e.g.*, *In re Marine Sulphur Queen*, 460 F.2d 89, 105 (2d Cir.1972), this conclusion was cast in doubt by the Supreme Court's decision in *Miles v. Apex Marine Corp.*, 498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990), which rejected a "loss of society" claim arising under judge-made maritime law on the ground that permitting such a claim would be inconsistent with Congress' statutory disallowance of such claims in analogous situations covered by the Jones Act and the Death On the High Seas Act ("DOHSA").

In the immediate wake of *Miles*, while federal district courts divided over whether punitive damages awards remained available under general maritime law, a clear majority held they were not. *See, e.g., Hayden v. Acadian Gas Pipeline System*, 1997 WL 382059 (E.D.La.1997); *Cochran v. A/H Battery Associates*, 909 F.Supp. 911, 920–23 (S.D.N.Y.1995) (collecting cases). Moreover, the Second Circuit Court of Appeals in *Wahlstrom v. Kawasaki Heavy Industries, Ltd.*, 4 F.3d 1084 (2d Cir.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1060, 127 L.Ed.2d 380 (1994), seemingly expressed strong support, albeit in dictum, to those "district courts [that] have invoked the Supreme Court's ruling in *Miles* as a basis to disallow punitive damages for claims under the general maritime law in order to further uniformity between that law and the analogous federal statutes, DOHSA and the Jones Act." *Id.* at 1094.

In line with the reasoning of *Miles* and *Wahlstrom*, this Court concludes that punitive damage claims are not available in personal injury negligence cases brought under general maritime law. As the district court in *Cochran* persuasively argued, the ancient maritime law policy of promoting uniformity would be undercut if the federal courts were to allow punitive damage awards in personal injury tort cases that, while not falling within the purview of the Jones Act or DOHSA, involve the same kind of maritime conduct as to which those Acts reject punitive damages. In such circumstances, "[t]o allow a punitive damage claim would be to expand maritime jurisprudence beyond Congress' intention." *Id.* at 922.

Indeed, as discussed *infra*, Congress' rejection of punitive damages in comparable cases is entitled, in this Court's view, to particular deference, since punitive damages

are quasi-criminal in nature and the determination of what conduct is criminal and what punishments should be imposed for such conduct are particularly the province of the legislature. *See generally* Schlueter & Redden, Punitive Damages ¶¶ 2.1(c), 2.2. *Cf. United States v. Hudson & Goodwin,* 11 U.S. (7 Cranch) 32, 3 L.Ed. 259 (1812) (separation of powers precludes judicial creation of common law crimes under federal system).

■ This is not the end of the issues here presented, however, for subsequent to *Miles,* the Supreme Court, in a wrongful death case brought within the federal courts' general maritime jurisdiction, held that otherwise applicable state law may supplement the measure of damages available under maritime law. *Yamaha Motor Corp., U.S.A. v. Calhoun,* —— U.S. ——, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996). *See also* 28 U.S.C. § 1333 ("saving to suitors in all cases all other remedies to which they are entitled"). If the events giving rise to the instant cases had not occurred in navigable waters, a New York State personal injury action could arguably have been brought under which, on a suitable evidentiary showing, plaintiffs might have been entitled to have the jury consider an award for punitive damages. In a similar situation in *Taylor,* Judge Schwartz, citing *Yamaha,* declined to dismiss a claim for punitive damages, and plaintiffs here argue for a similar ruling.

The Court rejects this argument, for two reasons. First, the Court concludes that, even after *Yamaha,* the question of whether or not punitive damages (as opposed to other kinds of damages) are available in maritime cases brought in federal court is solely determined by their availability under federal maritime law. The thrust of *Yamaha* is to argue that considerations of uniformity in federal maritime wrongful death actions only require that standards of *liability* be exclusively determined by federal maritime law and that, once such liability has been shown, there is no antagonism to such a policy in supplementing federal remedies with those available under otherwise applicable state law.[1] But just such an antagonism would be created if such supplementation could include punitive damages. For, as noted, punitive damages are distinct from all other kinds of damages in that they serve, not to compensate victims, but to punish and deter malfeasors. Restatement (2d) of Torts, § 908(1) (1979). While a civil jury's prerogative to award punitive damages may have common law antecedents, it should not survive in those kinds of cases where the relevant sovereign has clearly indicated an intent not to permit civil juries in comparable cases to punish the applicable conduct with such quasi-criminal sanctions.

Here, the relevant sovereign, the United States, having constitutional jurisdiction over cases arising in navigable waters, *see* Article III, sec. 2, has determined, in the comparable situations arising under the Jones Act and DOHSA, that no such quasi-criminal sanctions should be imposed by a civil jury. The contrary determination of some states in analogous circumstances can not be permitted to override that federal policy. Indeed, as Judge Haight has so eloquently argued, there are already more deviations from uniformity in federal maritime law than history, prudence, and the stated policies of the United States would appear to warrant. *See generally,* Hon. Charles A. Haight, Jr., *Babel Afloat: Some Reflections on Uniformity in Maritime Law,* 28 J.Mar.L. & Com. 189 (1997). No sound policy appears to justify this further proffered deviation.

Second, and in any case, even if punitive damages were viewed as a state law remedy not displaced by federal maritime law in non-fatal personal injury cases occurring in navigable waters and brought in federal court, the decision to dismiss the punitive damage claims in the instant cases would not be different, for applicable New York case law compels the same result. Specifically, New York views such cases as governed exclusively by general maritime law, and, applying its

---

1. Despite some Delphic utterances in footnote 14 of *Yamaha,* as of now it remains settled law that the legal standards for substantive liability in maritime personal injury actions brought in federal court are set exclusively by federal maritime law. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 628, 79 S.Ct. 406, 408–09, 3 L.Ed.2d 550 (1959). *See also, e.g., Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 409, 74 S.Ct. 202, 204–05, 98 L.Ed. 143 (1953).

own interpretation of that law, likewise concludes that punitive damages are not available. The question was addressed most recently in *Frazer v. City of New York*, —— A.D.2d ——, 659 N.Y.S.2d 23 (1st Dept., 1997), in which the plaintiffs sought both compensatory and punitive damages for injuries suffered while they were passengers on a Circle Line sightseeing vessel that struck the Willis Avenue Bridge over the Harlem River. Rejecting plaintiffs' argument that *Yamaha* permitted their claim for punitive damages, the Appellate Division unanimously held that, under New York law, the action remained exclusively governed by general maritime law and that "both this Court, in *Public Administrator v. Frota Oceanica Brasileira*, 222 A.D.2d 332, 333, 635 N.Y.S.2d 606, [(N.Y.A.D., 1st Dept., 1995)] ... and the Second Circuit, in *Wahlstrom*, [*op. cit.*] ... have adhered to the prevailing rule that punitive damages are unavailable under general maritime law." *Frazer*, 659 N.Y.S.2d at 23. Thus, even assuming *arguendo* that New York law is here applicable, the interpretation of that law set forth in *Frazer* is binding on this Court and precludes an award of punitive damages.

For the foregoing reasons, the Court previously dismissed the punitive damages claims in these cases and adheres to that decision.