■ ELIZABETH A. SHEA, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [735 NYS2d 609] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Rappaport, J.), entered July 12, 2000, which, upon a jury verdict finding it at fault in the happening of the accident and awarding the plaintiff damages in the principal sum of $25,765,000, and upon an order of the same court, dated February 17, 2000, granting its motion pursuant to CPLR 4404 to set aside the verdict as to damages, and ordering a new trial as to damages unless the plaintiff stipulated to reduce the verdict to the principal sum of $14,830,710, and upon stipulation of the plaintiff agreeing to such reduction, is in favor of the plaintiff and against it.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

On October 20, 1989, the plaintiff was injured when she was struck by an oncoming subway train after she apparently fell onto the tracks. In pertinent part, the trial testimony regard-

ing how the accident occurred was as follows: The plaintiff's mother, who was with the plaintiff at the time of the incident, testified that the plaintiff began to approach the edge of the platform and then "kept going." The plaintiff remembered turning "to walk towards" the edge of the platform, but could not remember anything else. The motorman of the approaching train testified that when he was approximately half way into the station, he saw an "object" on the tracks about 1/2 to 1 car length in front of him. An eyewitness on the train, who was in the first car and looking through the front window, stated that he saw the plaintiff "raising up" from what appeared to be a squatting position on the platform and then fall onto the tracks approximately 20 feet in front of the train.

The defendant's request to charge the jury on the issue of comparative negligence was denied by the trial court. This was error.

It is well settled that instruction on the question of comparative negligence should be given to the jury where there is any valid line of reasoning or permissible inferences which could possibly lead rational individuals to the conclusion of negligence on the basis of the evidence presented at trial (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 517). Furthermore, whether a plaintiff is comparatively negligent is almost invariably a question of fact and is for the jury to determine in all but the clearest cases (*see, Williams v City of New York,* 101 AD2d 835). Based upon the evidence adduced in this case, it is far from certain that the plaintiff was free from negligence. At the very least, given that the trial testimony did not definitively establish how the plaintiff came to be upon the tracks, valid reasoning and permissible inferences could lead to the conclusion that the plaintiff's fall was due in part to her own negligence. In denying the defendant's request to charge comparative negligence, the court effectively directed a verdict on this issue in favor of the plaintiff, and thus deprived the defendant of the opportunity to have the triers of fact draw the inferences they could from the evidence presented (*see, Louise B.G. v New York City Bd. of Educ.,* 143 AD2d 728). Accordingly, a new trial is warranted.

We further note that the court properly disallowed expert evidence regarding the plaintiff's blood alcohol content (hereinafter BAC) at the time of the accident in the absence of any proof as to when the BAC measurement was taken. Under this circumstance, there was no basis for the expert's "relation back" testimony, and any conclusion as to the plaintiff's BAC

level at the time of the occurrence would have been purely speculative (*see, Hambsch v New York City Tr. Auth.,* 63 NY2d 723).

We note that the award of damages, even as reduced by the court, deviated materially from what would be reasonable compensation (*see,* CPLR 5501 [c]).

In light of our conclusion herein, it is unnecessary to reach the defendant's remaining contentions. Santucci, J. P., Goldstein, Townes and Cozier, JJ., concur.