■ DANIEL T. RILEY, Appellant-Respondent, v ISS INTERNATIONAL SERVICE SYSTEM, INC., Respondent, and PARKER INTERIOR PLANTSCAPE, INC., et al., Respondents-Appellants. [774 NYS2d 182]—

In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated June 11, 2003, as (a) denied that branch of his cross motion which was for summary judgment on the issue of liability against the defendants ISS International Service System, Inc., Parker Interior Plantscape, Inc., Trump-Equitable Fifth Avenue Company, Trump Corporation, Wm. A. White/Grubb & Ellis, Inc., Trump Tower Commercial, LLC, Trump Organization, and Everlasting Floral Products, Inc., and (b) granted that branch of the motion of the defendants ISS International Service

System, Inc., Trump-Equitable Fifth Avenue Company, Trump Corporation, Residential Board of Trump Tower Condominium, Wm. A. White/Grubb & Ellis, Inc., Trump Tower Commercial, LLC, and Trump Organization which was for summary judgment dismissing the complaint insofar as asserted against the defendant ISS International Service System, Inc., (2) the defendants Parker Interior Plantscape, Inc., and Everlasting Floral Products, Inc., cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and (3) the defendants Trump-Equitable Fifth Avenue Company, Trump Corporation, Wm. A. White/Grubb & Ellis, Inc., Trump Tower Commercial, LLC, and Trump Organization separately cross-appeal from so much of the same order as denied that branch of the motion made by them and the defendants ISS International Service System, Inc., and Residential Board of Trump Tower Condominium which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendants Trump-Equitable Fifth Avenue Company, Trump Corporation, Wm. A. White/Grubb & Ellis, Inc., Trump Tower Commercial, LLC, and Trump Organization.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants ISS International Service System, Inc., Trump-Equitable Fifth Avenue Company, Trump Corporation, Residential Board of Trump Tower Condominium, Wm. A. White/Grubb & Ellis, Inc., Trump Tower Commercial, LLC, and Trump Organization which was for summary judgment dismissing the complaint insofar as asserted against the defendant ISS International Service System, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff, while an assistant engineer at the building commonly referred to as Trump Tower, allegedly was injured when he slipped and fell on dirt, soil, and water as he was descending a metal ramp located in the sub-basement of the building. He commenced this action to recover damages for personal injuries. The defendants Trump-Equitable Fifth Avenue Company, Trump Corporation, Wm. A. White/Grubb & Ellis, Inc., Trump Tower Commercial, LLC, and the Trump Organization (hereinafter referred to collectively as the Trump defendants) are the alleged owners and/or managers of the building. The defendant ISS International Service Systems, Inc. (hereinafter ISS), was

hired to perform cleaning services in the commercial areas of the building, including the sub-basement at issue. The defendants Parker Interior Plantscape, Inc., and Everlasting Floral Products (hereafter referred to collectively as the Parker defendants) were hired to maintain and care for plants in the building. The gravamen of the complaint is that a dangerous and defective condition existed due to the presence of soil, dirt, and water deposited on the ramp by the Parker defendants and not timely discovered and cleaned by ISS and due to the improper construction of the ramp by the Trump defendants, which resulted in a ramp that was both too steep and lacking in handrails in violation of various provisions of the Administrative Code of the City of New York (hereinafter the Code) and the Occupational Safety and Health Act (hereinafter OSHA). After a note of issue was filed, the Trump defendants and ISS, among others, moved, and the Parker defendants separately moved, for summary judgment, and the plaintiff cross-moved, inter alia, for summary judgment on the issue of liability. The Supreme Court, inter alia, granted ISS the requested relief. We modify.

In support of their motion, the Trump defendants failed to demonstrate a prima facie entitlement to judgment as a matter of law (see *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). As to the alleged soil, dirt, and water condition on the ramp, the Trump defendants did not offer evidence that they lacked actual or constructive notice of the condition, or a reasonable time to remedy the same (see *Bradish v Tank Tech Corp.*, 216 AD2d 505 [1995]). Rather, the Trump defendants merely argued that the plaintiff would be unable to prove the contrary, which is insufficient (see *Goldin v Riker*, 273 AD2d 197 [2000]; *Beltran v Metropolitan Life Ins. Co.*, 259 AD2d 456 [1999]). It is not contended that the Trump defendants created the condition. As to the ramp itself, issues of fact were raised by conflicting expert affidavits addressing whether the ramp was properly constructed, and the applicability of and compliance with the cited Code provisions (see *Nielsen v City of New York*, 38 AD2d 592 [1971]). However, we note, OSHA regulations govern employer/employee relations, and it is not argued that the plaintiff was an employee of the Trump defendants (see *Jemmott v Rockwell Mfg. Co. Power Tools Div.*, 216 AD2d 444 [1995]; *Vencius v Morania Oil Tanker Corp.*, 210 AD2d 219 [1994], *lv denied* 85 NY2d 812 [1995], *cert denied* 516 US 932 [1995]; *Pellescki v City of Rochester*, 198 AD2d 762 [1993]).

Similarly, ISS failed to demonstrate its entitlement to sum-

mary judgment. Contrary to its contentions, the comprehensive and exclusive contractual obligation of ISS to provide cleaning services in the relevant area of the building is sufficient to support a duty of care running to the plaintiff (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]; *Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220 [1990]). Further, for the same reasons discussed earlier as to the Trump defendants, ISS also failed to demonstrate a prima facie entitlement to judgment as a matter of law as to the alleged soil, dirt, and water condition on the ramp. It is not argued that ISS created the condition or may be liable for the alleged improper construction of the ramp.

The Parker defendants demonstrated a prima facie entitlement to judgment as a matter of law as to the creation of the alleged soil, dirt, and water condition on the ramp through the testimony of an employee-supervisor at Trump Tower who stated that, at all relevant times, the Parker defendants did not store any soil, dirt, or water at or near the ramp, and never used the ramp for moving such materials or other equipment. It is not argued that the Parker defendants may be liable for the alleged soil, dirt, and water condition if they did not create it, or based upon the alleged improper construction of the ramp. However, in opposition, the plaintiff raised a triable issue of fact through his own testimony that, before his alleged slip and fall, he observed that the Parker defendants stored bags of soil, dirt, and equipment in the area of the ramp and that the trail of the soil or dirt upon which he allegedly slipped and fell continued from the top of the ramp to the storage area. Further, he testified, he observed employees of the Parker defendants using the ramp on previous occasions and, approximately two weeks before the accident, he observed soil, dirt, and water on the ramp and admonished nearby employees of the Parker defendants to keep the area clean. Thus, the Parker defendants were properly denied summary judgment.

Finally, the plaintiff failed to demonstrate an unrebutted prima facie entitlement to judgment as a matter of law on the issue of liability against the defendants involved on these appeals. Ritter, J.P., Smith, H. Miller and Mastro, JJ., concur.