■ GRACE CUTRONEO et al., Appellants-Respondents, v JOSEPH W. DRYER, Respondent-Appellant, and SYNTHES (USA), Respondent. [784 NYS2d 247]—

Carpinello, J. (1) Cross appeals from an amended order of the Supreme Court (Kavanagh, J.), entered July 8, 2003 in Ulster County, which, inter alia, partially granted defendant Joseph W. Dryer's motion to preclude plaintiffs from offering certain evidence and to strike certain portions of the complaint, and (2) appeal from an order of said court, entered December 1, 2003 in Ulster County, which denied said defendant's motion for reargument.

On January 30, 1996, plaintiff Grace Cutroneo (hereinafter

plaintiff) had a titanium rod inserted into her spine by defendant Joseph W. Dryer, an orthopedic surgeon. The rod had been manufactured by defendant Synthes (USA). Over three years later, it was discovered that the rod had broken requiring Dryer to perform a second surgery on October 5, 1999 to remove the rod and replace it. Within months of the second surgery, the broken rod was provided to plaintiffs' attorney, who, in turn, had it delivered to a professional engineer for testing to determine the reason for its failure. This expert concluded that the rod failed because of an indentation placed on it by manipulation during surgery. This indentation, he opined, created a "stress raiser" which was the focal point for the rod's fracture.

Shortly thereafter, plaintiff and her husband filed a complaint against Dryer for malpractice and against Synthes for products liability. In this complaint, plaintiffs also asserted that both defendants failed to inform her that rod failure was a risk of the initial surgery. During discovery, after both defendants requested that the subject rod be produced for testing, plaintiffs' attorney learned that their expert had died and that the rod had been lost.

Citing the inability to have their own experts test the rod, defendants each moved to strike the complaint. Supreme Court partially granted the applications by dismissing all claims regarding the rod. Although the court noted that the loss of the rod had been inadvertent, it was nonetheless persuaded by the opinions of defendants' experts that physical examination and testing of it was the only method by which the true cause of the fracture could be determined. These experts also averred that photographs of the rod and the written report of plaintiffs' deceased expert were insufficient for this purpose. Defendants theorized that plaintiff's heavy smoking, despite instructions to the contrary, had impeded the process of healing and that the lack of bone fusion, with resultant stress on the rod, was the most likely cause of its failure, not any defect from improper notching. Having been deprived of an opportunity to prove this defense, defendants prevailed in their argument that dismissal was the only appropriate remedy.

As to the failure to warn claim, Supreme Court found that the printed materials provided by Synthes with the rod adequately advised physicians to avoid notching and thus, as to Synthes, the complaint was dismissed in its entirety. Supreme Court refused to dismiss the failure to warn cause of action against Dryer, finding a question of fact as to whether this warning had been communicated to plaintiff in order to obtain her

informed consent. Plaintiffs appeal, and Dryer cross-appeals from that portion of Supreme Court's order which preserved the failure to warn claim against him. Dryer also appeals from a subsequent denial of a motion for reargument.

First, we are unpersuaded by plaintiffs' argument that Supreme Court abused its discretion in dismissing all claims relating to the missing broken rod. Contrary to plaintiffs' contention, dismissals for lost evidence are not limited solely to instances of intentional spoliation. We have recently held that the sanction of dismissal is "appropriate for the negligent disposal of evidence deemed crucial to the underlying action when the adversary had not been given an opportunity for inspection" (*Puccia v Farley*, 261 AD2d 83, 85 [1999]). This is especially true where that which is lost is "the very instrumentality giving rise to plaintiff's injuries" (*Cummings v Central Tractor Farm & Country*, 281 AD2d 792, 793 [2001], *lv dismissed* 96 NY2d 896 [2001]). Not only is the broken rod unavailable for testing by defendants' experts, the only expert who ever inspected it is himself unavailable for cross-examination (*compare Ashline v Kestner Engrs.*, 219 AD2d 788, 790 [1995]). Under circumstances such as these, dismissal is required "as 'a matter of elementary fairness' " (*Behrbom v Healthco Intl.*, 285 AD2d 573, 574 [2001], quoting *Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 175 [1997]). To the extent not specifically addressed, plaintiffs' remaining arguments for reversal as they pertain to the lost rod have been considered and found either unpreserved for our review or lacking in merit.

Next, we find no error in Supreme Court's determination regarding the failure to warn claim. Where the risks of a medical device are thoroughly disclosed to the treating physician, the manufacturer is insulated from liability for a failure to warn the patient of same (*see Banker v Hoehn*, 278 AD2d 720, 721 [2000]). There is no serious dispute in this case that the written materials which accompanied the rod clearly disclosed the risk of breakage from indentation.*

Finally, given plaintiff's contention that Dryer never even met with her prior to the first surgery, there is clearly a question of fact as to whether he discussed with her the possibility that the rod, once implanted, might break. Thus, Supreme Court properly refused to dismiss that cause of action which alleges a lack of informed consent as against Dryer. Since there is no appeal from a motion to reargue, Dryer's appeal from same must be dismissed.

---

* We find no merit in plaintiffs' claim that Synthes's summary judgment motion was untimely as it complied with Supreme Court's verbal scheduling order.

Cardona, P.J., Mercure, Spain and Kane, JJ., concur. Ordered that the amended order is affirmed, without costs. Ordered that the appeal from the order is dismissed, without costs.

