■ EDWARD MCCONVILLE et al., Appellants, v REINAUER TRANSPORTATION COMPANIES, L.P., et al., Respondents. [791 NYS2d 591]—

In an action to recover damages for personal injuries, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Giacobbe, J.), dated July 1, 2003, as granted the defendants' motion for summary judgment dismissing the complaint, and (2) from an order of the same court dated November 25, 2003, which denied that branch of their motion which was for leave to reargue and, upon granting that branch of their motion which was for leave to renew, adhered to the prior determination.

Ordered that the appeal from the order dated July 1, 2003, is dismissed, as that order was superseded by the order dated November 25, 2003, made upon renewal; and it is further,

Ordered that the appeal from so much of the order dated November 25, 2003, as denied that branch of the plaintiffs' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 25, 2003, is reversed insofar as reviewed, on the law, upon renewal, the order dated July 1, 2003, is vacated, the defendant's motion for summary judgment is denied, and the complaint is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Edward McConville (hereinafter McConville) was injured while performing dock-building work for the defendant companies (hereinafter collectively Reinauer), when he was struck in the back by the hoist block of a crane affixed to a barge owned by Reinauer. McConville received no-fault compensation benefits pursuant to the Longshore and Harbor Workers' Compensation Act (33 USC § 901 *et seq.*), and thus, the plaintiffs were barred from seeking recovery against Reinauer as McConville's employer (*see* 33 USC § 904 [a] ; § 905 [a]; *see also Gravatt v City of New York*, 226 F3d 108, 115 [2000]; *cert denied* 532 US 957 [2001]). The plaintiffs assert, however, a cause of action predicated on 33 USC § 905 (b) to recover damages caused by a breach of Reinauer's duty of care as vessel owner (*see Jones & Laughlin Steel Corp. v Pfeifer*, 462 US 523, 531 n 6 [1983]; *Gravatt v City of New York, supra; Morehead v Atkinson-Kiewit, J/V*, 97 F3d 603, 608-613 [1996], *cert denied* 520 US 1117 [1997]).

In support of its motion for summary judgment, Reinauer

tendered evidence, inter alia, that since 1986, the barge had been used exclusively by its dock construction division for dock construction operations. Based on this evidence, Reinauer claims that the accident, regardless of its cause, necessarily occurred in the performance of its duties as employer, and not in its capacity as vessel owner. The Supreme Court agreed and granted the defendant's motion for summary judgment dismissing the complaint. We reverse.

Where, as here, a defendant acts in the dual capacity of employer and vessel owner, it may be held liable under 33 USC § 905 (b) only for negligence in its owner capacity, not for negligence in its capacity as employer (see Jones & Laughlin Steel Corp. v Pfeifer, supra at 531 n 6; Gravatt v City of New York, supra at 124-125). As vessel owner, Reinauer had a duty, inter alia, to exercise ordinary care under the circumstances in maintaining the vessel such that McConville, an experienced dock construction worker, would be able, through the exercise of reasonable care, to perform his work with reasonable safety (see Smith v Lone Star Indus., 1 AD3d 860, 864 [2003], citing Scindia Steam Nav. Co. v De Los Santos, 451 US 156, 166-167 [1981]; see also O'Hara v Weeks Mar. Inc., 294 F3d 55, 64-65 [2002]).

The question of whether the accident in this case implicated Reinauer's negligence as McConville's employer or as the vessel's owner turns, preliminarily, on whether the accident was the result of human error on the part of an employee engaged in non-vessel related work (see e.g. Gravatt v City of New York, supra [unsafe debris pile created by employees]; Morehead v Atkinson-Kiewit J/V, supra [employee negligently left hatch open]) or of a defect or malfunction in the vessel's equipment (see e.g. Scindia Steam Nav. Co. v De Los Santos, supra [ship's crane malfunctioned while being operated by a stevedore]; Koernschild v W.H. Streit, Inc., 834 F Supp 711 [1993] [recurring oil leak in hydraulic crane mounted onto a floating platform]). The existence of a defect or equipment malfunction, standing alone, is insufficient to establish the negligence of a vessel owner under 33 USC § 905 (b), absent evidence that such defect or malfunction is associated with a breach of the vessel owner's duties of care (see Scindia Steam Nav. Co. v De Los Santos, supra; Gravatt v City of New York, supra at 120-122; see also Emanuel v Sheridan Transp. Corp., 10 AD3d 46 [2004]; Tsaropoulos v State of New York, 9 AD3d 1 [2004]; Smith v Lone Star Indus., supra).

Reinauer established its prima facie entitlement to judgment as a matter of law by tendering evidence that the accident was

caused by an error of the crane operator, who, at the time of the accident, was clearly engaged in dock construction work. In opposition, however, the plaintiff directly disputed the crane operator's version of events and raised an issue of fact as to whether the accident was caused by a defect in the crane. Notably, Reinauer made no attempt to show that the crane was functioning properly when the barge was last transported to the job site where the accident occurred (*compare with Sutherland v City of New York,* 266 AD2d 373, 379 [1999]), or to deny actual or constructive knowledge of the defects alleged by the plaintiff. Under these circumstances, Reinauer's motion for summary judgment should have been denied (*see Smith v Lone Star Indus., supra* at 864-865).

The parties' remaining contentions are without merit. Santucci, J.P., Luciano, Rivera and Fisher, JJ., concur.