WILLIE SIMMONS, JR., Respondent, v GLORIA J. PIERCE et al., Appellants. [833 NYS2d 800]—

Appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered May 18, 2006 in a personal injury action. The order, insofar as appealed from, denied defendants' motions for leave to amend the answer and for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed with costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when the motor vehicle he was driving collided with a vehicle owned by defendant Gloria J. Pierce and operated by defendant Loralyn M. Pierce. Supreme Court did not abuse its discretion in denying the motion of defendants for leave to amend their answer to assert as an affirmative defense that the accident was unavoidable due to brake failure. The motion was made after plaintiffs had filed the note of issue and more than two years after they commenced the ac-

tion, yet defendants offered no excuse for their delay in making the motion (see *Sewkarran v DeBellis*, 11 AD3d 445 [2004]; *Manufacturers & Traders Trust Co. v Reliance Ins. Co.*, 8 AD3d 1000 [2004]; *Oil Heat Inst. of Long Is. Ins. Trust v RMTS Assoc.*, 4 AD3d 290, 293 [2004]; cf. *Blake v Wieczorek,* 305 AD2d 989, 990 [2003]). In addition, the court properly denied the motion as a spoliation sanction. According to defendants, their automotive repair shop discarded the allegedly defective brake line. Defendants should have ensured that the brake line was preserved, however, because it was a "crucial piece of evidence" with respect to the potential affirmative defense of brake failure (*Amaris v Sharp Elecs. Corp.*, 304 AD2d 457, 457 [2003], *lv denied* 1 NY3d 507 [2004]; see *Cummings v Central Tractor Farm & Country*, 281 AD2d 792, 793 [2001], *lv dismissed* 96 NY2d 896 [2001]; see generally *Standard Fire Ins. Co. v Federal Pac. Elec. Co.*, 14 AD3d 213, 217-220 [2004]). The availability of defendants' photographs of the brake line and the affidavits of defendants' expert witnesses "could not adequately substitute for the [plaintiff's] own experts' inspection of the key piece of evidence in the case" (*Thornhill v A.B. Volvo*, 304 AD2d 651, 652 [2003]). Finally, we further conclude that the court properly denied defendants' motion for summary judgment dismissing the complaint, inasmuch as there are triable issues of fact on the record before us (see generally *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Hurlbutt, J.P., Gorski, Smith and Green, JJ.