■ EDWARD McCONVILLE et al., Respondents, v REINAUER TRANSPORTATION COMPANIES, LP, et al., Appellants. [835 NYS2d 711]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an interlocutory judgment of the Supreme Court, Richmond County (Gigante, J.), dated March 2, 2006, which, after a jury trial on the issue of liability, is in favor of the plaintiffs and against them.

Ordered that the interlocutory judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Richmond County, for a new trial on the issue of liability, with costs to abide the event.

The defendants Reinauer Transportation Companies, LP, and Reinauer Transportation Companies, Inc. (hereinafter collectively Reinauer), correctly argue that the trial court erred in failing to charge the jury with the applicable law pursuant to the Longshore and Harbor Workers' Compensation Act (hereinafter the LHWCA) (33 USC § 905 [b]). This Court previously determined in this case that Reinauer could only be held liable pursuant to the LHWCA for negligence in its capacity as owner of the crane barge on which the plaintiff Edward McConville (hereinafter the injured plaintiff) was injured, not in its capacity as the injured plaintiff's employer (*see McConville v Reinauer Transp. Cos., L.P.*, 16 AD3d 387 [2005]). However, the trial court instructed the jury that if it found that Reinauer violated certain federal and state safety regulations, it could consider this as evidence of negligence. Although evidence that Reinauer violated these regulations might have established that Reinauer was negligent in its capacity as an employer (*see* 33 USC § 941; 29 CFR 1926.550; 12 NYCRR 23-1.3; *Howlett v Birkdale Shipping Co.*, 512 US 92, 100-101 [1994]; *Scindia Steam Nav. Co. v De los Santos*, 451 US 156, 170 [1981]; *Vencius v Morania Oil Tanker Corp.*, 210 AD2d 219 [1994], *lv denied* 85 NY2d 812 [1995], *cert denied* 516 US 932 [1995]; *Doca v Marina Mercante Nicaraguense, S. A.*, 634 F2d 30, 33 [1980], *cert denied sub nom. Pittston Stevedoring Corp. v Doca*, 451 US 971 [1981]), such evidence would have no relevance to the issue of whether Reinauer was negligent in its capacity as a vessel owner. Since the court's instructions created a danger that the jury would improperly consider such evidence as evidence that Reinauer was negligent in its capacity as a vessel owner, a new trial is warranted.

Furthermore, the jury should have been charged on the issue of comparative negligence since there is a valid line of reasoning and permissible inferences which could lead to a conclusion that the injured plaintiff was negligent on the basis of evidence presented at trial (*see Shea v New York City Tr. Auth.*, 289 AD2d 558 [2001]). Since the charge was inadequate and misleading, a new trial is warranted (*see Smith v Midwood Realty Assoc.*, 289 AD2d 391, 392 [2001]).

We further note that the court erred in allowing the plaintiffs to belatedly add a claim to recover punitive damages (*see Walker v Sheldon*, 10 NY2d 401 [1961]; *Morrell v Gorenkoff*, 278 AD2d 210 [2000]). Punitive damages are not available in an action brought pursuant to the LHWCA (*see Miller v American President Lines, Ltd.*, 989 F2d 1450, 1457 [1993], *cert denied* 510 US 915 [1993]; *see also Frazer v City of New York*, 240 AD2d 307, 308 [1997]; *Public Adm'r of County of N.Y. v Frota Oceanica Brasileira*, 222 AD2d 332, 333 [1995]).

Reinauer's remaining contentions are without merit. Crane, J.P., Krausman, Covello and Carni, JJ., concur.