■ Antoinette DiCicco, Respondent, v Robert V. Cattani, Appellant. [874 NYS2d 518]—

In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from (1) a judgment of the Supreme Court, Richmond County (Giacobbe, J.), entered April 13, 2007, which, upon a jury verdict finding that the plaintiff sustained damages in the principal sum of $737,000, is in favor of the plaintiff and against him in the principal sum of $737,000, and (2) an order of the same court entered January 22, 2008, which denied his motion, among other things, pursuant to CPLR 4404 (a).

Ordered that the judgment is reversed, on the law, and the

matter is remitted to the Supreme Court, Richmond County, for a new trial; and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant's request to charge the jury on the issue of comparative negligence was erroneously denied by the trial court. Instruction on the question of comparative negligence should be given to the jury where there is any valid line of reasoning or permissible inferences which could possibly lead rational individuals to the conclusion of negligence on the basis of the evidence presented at trial (*see Bruni v City of New York,* 2 NY3d 319, 328 [2004]; *Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *Marus v Village Med.,* 51 AD3d 879 [2008]). Furthermore, whether a plaintiff is comparatively negligent is almost invariably a question of fact and is for the jury to determine in all but the clearest cases (*see Shea v New York City Tr. Auth.,* 289 AD2d 558, 559 [2001]). Based upon the evidence adduced at trial, the jury could rationally conclude that the plaintiff's actions contributed to her injuries. Accordingly, a new trial is warranted (*see McConville v Reinauer Transp. Cos., LP,* 40 AD3d 715, 716 [2007]; *Shea v New York City Tr. Auth.,* 289 AD2d at 559).

The defendant's remaining contentions are without merit. Prudenti, P.J., Mastro, Fisher and Dillon, JJ., concur.