# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

879

CA 14-00370

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

DENISE D. SIMONEIT,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                    MEMORANDUM AND ORDER

MARK CERRONE, INC. AND JAMES A. FREEMAN,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

CELLINO & BARNES, P.C., BUFFALO (GREGORY V. PAJAK OF COUNSEL), DAMON
MOREY LLP, FOR PLAINTIFF-APPELLANT-RESPONDENT.

THE TARANTINO LAW FIRM, LLP, BUFFALO (ANN M. CAMPBELL OF COUNSEL), FOR
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered May 29, 2013. The order granted in part and denied in part the motion of plaintiff for partial summary judgment and granted the cross motion of defendants for leave to amend their answer.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting that part of the motion for partial summary judgment on the issue of defendants' negligence, denying that part of the motion seeking to dismiss the affirmative defense of plaintiff's culpable conduct and reinstating that defense, and denying the cross motion, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained in a motor vehicle accident. At the time of the accident, plaintiff was working as a bus aide on a school bus. The bus was stopped and waiting to make a left turn when it was struck by a payloader operated by defendant James A. Freeman (Freeman) and owned by defendant Mark Cerrone, Inc. (Cerrone). Plaintiff appeals and defendants cross-appeal from an order that, inter alia, denied that part of plaintiff's motion for partial summary judgment on the issue of defendants' negligence, granted that part of the motion seeking dismissal of the affirmative defense of plaintiff's culpable conduct, and granted the cross motion of defendants for leave to amend their answer to assert various affirmative defenses based upon alleged brake failure.

We agree with plaintiff that Supreme Court abused its discretion in granting defendants' cross motion, and we therefore modify the

order accordingly.  The motion was made seven months after plaintiff had filed the note of issue and more than two years after she commenced the action, yet defendants offered no excuse for their delay in making the motion (see Simmons v Pierce, 39 AD3d 1252, 1252-1253; Gross, Shuman, Brizdle & Gilfillan, P.C. v Bayger, 256 AD2d 1187, 1188).  We further conclude that preclusion of the affirmative defenses based on brake failure is warranted as a sanction for spoliation (see Simmons, 39 AD3d at 1253).  After the accident, Cerrone replaced the payloader's allegedly defective brake calipers and discarded the old calipers.  It is well established that courts have "broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence," and "may, under appropriate circumstances, impose a sanction 'even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided [the party] . . . was on notice that the evidence might be needed for future litigation' " (Iannucci v Rose, 8 AD3d 437, 438).  Here, Freeman drove a 32,000-pound construction vehicle into a school bus filled with children, several of whom were removed from the scene in ambulances.  Under those circumstances, we conclude that defendants should have anticipated that litigation was likely (see New York City Hous. Auth. v Pro Quest Sec., Inc., 108 AD3d 471, 473) and, therefore, they were on notice that the brake calipers might be needed for future litigation (see Iannucci, 8 AD3d at 438; DiDomenico v C & S Aeromatik Supplies, 252 AD2d 41, 53).  Because the calipers were "a crucial piece of evidence with respect to the potential affirmative defense of brake failure," we conclude that denial of defendants' cross motion to amend their answer to include any such affirmative defense is the appropriate sanction for their disposal of the brakes (Simmons, 39 AD3d at 1253 [internal quotation marks omitted]; see Cutroneo v Dryer, 12 AD3d 811, 813).

We also agree with plaintiff that she is entitled to partial summary judgment on the issue of defendants' negligence, and we therefore further modify the order accordingly.  Vehicle and Traffic Law § 1143 provides that "[t]he driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right of way to all vehicles approaching on the roadway to be entered or crossed."  Here, plaintiff met her initial burden on the motion by establishing as a matter of law that " 'the sole proximate cause of the accident was [Freeman]'s failure to yield the right of way' " to the school bus in violation of section 1143 (Guadagno v Norward, 43 AD3d 1432, 1433; see Garza v Taravella, 74 AD3d 1802, 1804).  At the time of the accident, the school bus was lawfully stopped on a public roadway, and the payloader collided with the school bus after entering the roadway from a parking lot (see Whitcombe v Phillips, 61 AD3d 1431, 1431).  In opposition to the motion, defendants failed to provide a nonnegligent explanation for the accident (see Long v Niagara Frontier Transp. Auth., 81 AD3d 1391, 1392; see generally Zuckerman v City of New York, 49 NY2d 557, 562).  We agree with defendants, however, that the court properly denied that part of plaintiff's motion for summary judgment on the issue of causation (see Monette v Trummer [appeal No. 2], 96 AD3d 1547, 1549).  In opposition to that part of the motion, defendants submitted an

expert affirmation of a radiologist who opined that plaintiff was not injured in the accident and that any spinal injuries were preexisting and degenerative in nature, thereby raising an issue of fact with respect to causation (*see Zuckerman*, 49 NY2d at 562).

Finally, we agree with defendants that the court erred in dismissing their affirmative defense of plaintiff's culpable conduct, and we therefore further modify the order by reinstating that affirmative defense.  CPLR 1411 provides that, "[i]n any action to recover damages for personal injury . . . , the culpable conduct attributable to the [plaintiff] . . . , including contributory negligence . . . , shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the [plaintiff] . . . bears to the culpable conduct which caused the damages."  The statute encompasses any culpable conduct that had a "substantial factor in causing *the harm for which recovery is sought*" (*Arbegast v Board of Educ. of S. New Berlin Cent. Sch.*, 65 NY2d 161, 168 [emphasis added]).  Here, as the court found, there is no question that the sole proximate cause of the accident was defendants' negligence.  Defendants contend, however, that the injuries plaintiff allegedly sustained in the accident were caused, in whole or in part, by her position on the bus, i.e., the fact that she was kneeling or standing on the bus rather than sitting in a seat, and they submitted an expert affirmation to that effect (*see Harrity v Leone*, 93 AD3d 1204, 1206-1207; *see generally DiCicco v Cattani*, 59 AD3d 660, 661; *Warwick v Cruz*, 270 AD2d 255, 255).

Entered:  November 14, 2014                    Frances E. Cafarell
                                              Clerk of the Court