DENISE D. SIMONEIT, Appellant-Respondent, v MARK CERRONE, INC., et al., Respondents-Appellants. [6 NYS3d 918]—

Motion for reargument of the appeal is granted to the extent that, upon reargument, the memorandum and order entered November 14, 2014 (122 AD3d 1246) is amended by deleting the ordering paragraph and substituting the following ordering paragraph: "It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion for partial summary judgment on the issue of defendants' negligence, denying that part of the motion seeking to dismiss the affirmative defense of plaintiff's culpable conduct and reinstating that defense, and striking the affirmative defenses based upon alleged brake failure, and as so modified the order is affirmed without costs."

The memorandum is further amended by deleting the first three sentences of the second paragraph and replacing those sentences with the following: "Contrary to the contention of plaintiff, we conclude that Supreme Court did not abuse its discretion in granting defendants' cross motion. 'While a delay in seeking to amend a pleading may be considered by the trial court, it does not bar that court from exercising its discretion in favor of permitting the amendment where[,] [as here,] there is no prejudice' (*Kimso Apts., LLC v Gandhi,* 24 NY3d 403, 413-414 [2014]). We agree with plaintiff, however, that preclusion of the affirmative defenses based on brake failure is war-

ranted as a sanction for spoliation (*see Simmons v Pierce*, 39 AD3d 1252, 1253 [2007]), and we therefore modify the order accordingly."

The memorandum is further amended by deleting the last sentence of the second paragraph and replacing it with the following: "Because the calipers were 'a crucial piece of evidence' with respect to any affirmative defenses based upon brake failure, we conclude that striking such affirmative defenses is the appropriate sanction for their disposal of the brakes (*Simmons*, 39 AD3d at 1253 [internal quotation marks omitted]; *see Cutroneo v Dryer*, 12 AD3d 811, 813 [2004])." Present—Scudder, P.J., Peradotto, Carni and Lindley, JJ.