OPINION OF THE COURT
Anthony J. Paris, J.
On July 6, 2010, while employed by a third-party defendant, plaintiff sustained physical injuries while using the fryer manufactured and/or distributed by the defendants. As a result, plaintiff commenced this action by the filing of the summons and complaint on or about June 24, 2013. Thereafter, defendants interposed answers and/or cross claims.
Subsequent to pretrial discovery proceedings, defendant Henny Penny Corporation has moved pursuant to CPLR 3124 and 3126 for an order compelling plaintiff to produce certain component parts of the fryer that allegedly caused plaintiffs injuries or an order dismissing plaintiffs complaint or precluding certain evidence supporting plaintiffs claim due to plaintiffs spoliation of evidence.
Plaintiff opposes this motion.
It appears that on August 30, 2010, shortly after this incident, plaintiffs attorney and professional engineer (PE) Steven Thomson conducted an unnoticed and undisclosed inspection and testing of the subject fryer at the third-party defendant’s place of business. No representatives of defendants were present as they were not on notice of this inspection. During the course of this inspection certain component parts of the fryer were damaged, and according to plaintiffs counsel, the demonstration could not be completed as the machine broke while attempting to recreate the procedure undertaken by plaintiff when he was injured. Apparently the fryer was in working order up to the date of this unnoticed inspection.
It appears that certain component parts of the fryer, specifically the pressure gauge and computer board, were damaged. It further appears that plaintiffs counsel repaired the fryer but the broken component parts were not kept and are missing despite his search for them.
Notwithstanding the fact that the reenactment was not finished and the component parts were damaged, neither of which events were mentioned in PE Thomson’s report, plaintiff’s expert nonetheless opined that the fryer was defective and caused plaintiff’s injuries.
Defendant Henny Penny contends that despite repeated requests to plaintiff’s counsel for the production of the dam *240 aged parts, they have not been produced. Furthermore, this defendant argues that its defense is fatally impaired without said parts and the ability to test the fryer by its own experts due. to the spoliation of these key elements by plaintiff.
Plaintiff contends that there was no prejudice to the defendant as the product had a design defect which caused plaintiff’s injuries and that defect does not necessitate the production of the missing parts.
And, it appears that the fryer was sold by a third-party defendant before plaintiff commenced this action just prior to the expiration of the statute of limitations.
A court must weigh a number of factors in determining whether or not to impose a spoliation sanction. Such factors include: (1) who allegedly spoliated the evidence; (2) was the disposal intentional or negligent; (3) the timeline as to when in the course of the action it occurred; (4) if the spoliator was on notice that the evidence would be needed for future legal proceedings; (5) whether or not the disposed materials were key evidence; (6) whether or not there was substantial prejudice to the moving party or an impairment of that party to present or defend its case; and (7) whether the spoliation warrants a sanction and what that sanction might be. (MetLife Auto & Home v Joe Basil Chevrolet, 1 NY3d 478 [2004]; Iannucci v Rose, 8 AD3d 437 [2d Dept 2004].)
Spoliation sanctions may be appropriate even if the destruction of evidence occurred through negligence rather than willfulness provided that the party was on notice that the evidence might be needed for future litigation. (Wetzler v Sisters of Charity Hosp., 17 AD3d 1088 [4th Dept 2005]; Netti v Auburn Enlarged City School Dist., 309 AD2d 1143 [4th Dept 2003].)
However, preclusion from negligent spoliation is a drastic sanction and is appropriate only where the missing evidence deprives the moving party of the ability to establish its defense. (Enstrom v Garden Place Hotel, 27 AD3d 1084 [4th Dept 2006].)
When a party damages, loses or intentionally destroys key evidence, thereby depriving the nonresponsible party from being able to prove its claim or defense, the responsible party may be sanctioned by the striking of its pleadings.
The party requesting the sanctions for spoliation has the burden of demonstrating that a litigant intentionally or negligently disposed of crucial evidence and fatally compromised its ability to defend the action. Where a plaintiff *241 negligently or intentionally destroys or loses evidence prior to the commencement of an action, spoliation sanctions are appropriate. (Utica Mut. Ins. Co. v Berkoski Oil Co., 58 AD3d 717 [2d Dept 2009]; Conderman v Rochester Gas & Elec. Corp., 262 AD2d 1068 [4th Dept 1999]; Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin A.C. Corp., 221 AD2d 243 [1st Dept 1995].)
Based on the record before the court, while it does not appear that plaintiff intentionally destroyed, lost or disposed of these component parts, it is quite obvious that said parts are no longer available due to plaintiff’s negligence. Moreover, it is most troubling to the court that plaintiff shortly after the incident secured the services of an attorney and an expert to inspect the fryer and reenact the incident—all without notice to the known potential parties to this action.
In addition, it does not appear that plaintiff, through counsel, made any good faith attempt to locate or preserve these component parts which were damaged during the unnoticed inspection and well before plaintiff commenced this action.
Finally, plaintiff’s argument that the original pressure gauge and computer board on this. 10-year-old fryer are not material pieces of evidence as the premise of plaintiff’s theory of liability is a design defect predicated on lack of product warning and that photos are available to defendants, is unconvincing.
The availability of plaintiff’s photos and plaintiff’s expert witness report cannot adequately substitute for defendant’s own expert’s inspection of the fryer. (Simmons v Pierce, 39 AD3d 1252 [4th Dept 2007]; Thornhill v A.B. Volvo, 304 AD2d 651 [2d Dept 2003].)
Based on the foregoing, it appears that a spoliation sanction is appropriate due to plaintiff’s prejudicial impediment of defendant’s ability to inspect and test the alleged defective fryer. Therefore, defendant Henny Penny’s motion is granted. The appropriate sanction in the opinion of the court based on the particular circumstances of this case is the preclusion of any expert testimony regarding the defective nature of the subject fryer.